PATTERSON *v.* STANOLIND OIL & GAS CO. ET AL.

No. 113.  Argued December 7, 1938.—Decided January 3, 1939.

Mr. R. J. Roberts, with whom Messrs. A. S. Norvell and W. M. Haulsee were on the brief, for appellant.

Messrs. Guy H. Woodward, James A. Veasey, and Ray S. Fellows were on a brief for appellees.

By leave of Court, Mr. Earl Foster filed a brief as amicus curiae, on behalf of the Oklahoma Corporation Commission, in support of appellees.

PER CURIAM.

In this suit, brought to recover his share of oil royalties, the plaintiff challenged the validity, under the contract clause and the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution, of the Well-Spacing Act of the State of Oklahoma (Chap. 59, Okla. Sess. Laws 1935) and an order made thereunder by the Corporation Commission of that State. The Supreme Court of the State, affirming the judgment of the District Court with a modification immaterial here, sustained the validity of the statute and order. 182 Okla. 155; 77 P. 2d 83. The plaintiff brings this appeal.

The Corporation Commission fixed the boundaries of the common source of oil supply in the North Wellston area in Lincoln County, Oklahoma, so as to include 520 acres, and authorized ten-acre well-spacing units within that area. The well in question is in the approximate center of one of these ten-acre units. That unit consists of 6¼ acres which lie in tract "A" and 3¾ acres in tract "B," these tracts being in separate ownership. The well is located on tract "A." The statute, § 4 (c), provides:

"In the event a producing well, or wells, is completed upon a unit where there are two or more separately owned

tracts, any royalty owner, or group of royalty owners, holding the royalty interest under a separately owned tract, shall share in one-eighth ($\frac{1}{8}$) of all the production from the well or wells drilled within the unit in the proportion that the acreage of their separately owned tract bears to the entire acreage of the unit."

Under that provision, as construed by the state court, the owners of the mineral rights in the $3\frac{3}{4}$ acres of the drilling unit are permitted to share with the plaintiff, and his co-owners of the mineral rights in the other $6\frac{1}{4}$ acres of the unit, the oil and gas produced from the well although it is located entirely upon the surface of the $6\frac{1}{4}$ acre tract. Plaintiff contends that this distribution among the owners of the $3\frac{3}{4}$ acres works an unconstitutional deprivation of his property and an impairment of his contractual rights. The Corporation Commission found as follows:

"That the said well as above described is located in the approximate center of a 10-acre tract of land, and that taking into consideration the depth of the well now producing in said common source of supply, the thickness, porosity, and permeability of the producing sand, the nature and character of the reservoir energy, the formations encountered in the drilling of the well, and the history and productive characteristics of wells in other common sources of supply which have similar formations, and from other geological and scientific information and data as shown by the records, the Commission finds that a well-spacing and drilling unit of 10 acres and of uniform size should be established in the said North Wellston pool; that the same would tend to effect the proper drainage of oil from said pool, and would result in uniform withdrawal and in the greatest ultimate recovery of oil, and would best conserve reservoir energy, and would protect the relative rights of the leaseholders and royalty owners in said common source of supply."

It is admitted that the Commission made its findings and order after due hearing. The evidence underlying its findings is not in the record.. Accordingly, as the state court said, it must be assumed "that the source of supply of the well in question is common to the land adjoining it and that said pool underlies not only the 6¼ acres of land on which the well is located but that it also extends beneath the 3¾ acre tract." In that view the state court applied well settled principles in denying plaintiff's contention under the Fourteenth Amendment (*Ohio Oil Co. v. Indiana,* 177 U. S. 190; *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61; *Walls* v. *Midland Carbon Co.,* 254 U. S. 300; *Bandini Petroleum Co.* v. *Superior Court,* 284 U. S. 8; *Champlin Refining Co.* v. *Corporation Commission,* 286 U. S. 210) and under the contract clause (*Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342, 362, 363; *Union Dry Goods Co.* v. *Georgia Public Service Corp.,* 248 U. S. 372, 376; *Sproles* v. *Binford,* 286 U. S. 374, 390, 391; *Stephenson* v. *Binford,* 287 U. S. 251, 276; *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398, 435, 436). The argument, that the regulatory provisions of the statute authorizing the Commission to make its order fixing the drilling unit are void for indefiniteness, is without merit. *Bandini* v. *Superior Court, supra; Champlin Refining Co.* v. *Corporation Commission, supra.*

In the light of our previous decisions, the plaintiff has failed to raise a substantial federal question and the appeal is dismissed for the want of jurisdiction. *Hannis Distilling Co.* v. *Baltimore,* 216 U. S. 285, 288; *Levering & Garrigues Co.* v. *Morrin,* 289 U. S. 103, 105, 106.

*Dismissed.*