PALMER OIL CORP. et al. *v.* AMERADA
PETROLEUM CORP. et al.

NO. 301.

Argued April 25, 1952.—Decided May 12, 1952.

*Mark H. Adams* argued the cause for appellants in No. 301. With him on the brief were *Charles E. Jones* and *Coleman Hayes.*

*Reford Bond, Jr.* argued the cause and filed a brief for appellants in No. 302.

*R. M. Williams* argued the cause for appellees. On the brief were *Harry D. Page* and *Booth Kellough* for the Amerada Petroleum Corp., *W. H. Brown* for the Anderson-Prichard Oil Corp., *Gentry Lee* and *R. O. Mason* for the Cities Service Oil Co., *Villard Martin* for the Foster Petroleum Corp., *Archie D. Gray* and *James B. Diggs, Jr.* for the Gulf Oil Corp., *Earl A. Brown* and *Robert W. Richards* for the Magnolia Petroleum Co., *Rayburn L. Foster, Harry D. Turner* and *Mr. Williams* for the Phillips Petroleum Co., *V. P. Crowe* for the Stephens Petro-

leum Co. et al., *M. Darwin Kirk* for the Sunray Oil Corp.
and *Ferrill H. Rogers* for the Corporation Commission of
Oklahoma, appellees.

PER CURIAM.

These two appeals challenge the constitutionality of
Okla. Stat., 1941 (Cum. Supp. 1949), Tit. 52, §§ 286.1–
286.17, providing for unitized management of common
sources of supply of oil and gas in Oklahoma. This stat-
ute was repealed by the Oklahoma Legislature on May
26, 1951, Okla. Laws 1951, c. 3a, § 16, p. 142, and we
ordered the causes continued in order to determine the
effect of this repeal on the matters raised in these appeals.
342 U. S. 35 (1951). After being advised by the Su-
preme Court of Oklahoma that this repeal had no effect
on these causes, we noted probable jurisdiction and heard
argument.

Appellants contend that this statute and an order
issued thereunder by the Oklahoma Corporation Com-
mission impair their contractual rights in violation of
U. S. Const., Art. I, § 10, and amount to a denial of the
Due Process and Equal Protection Clauses of the Four-
teenth Amendment. Specifically, appellants argue that
the statute is an unreasonable exercise of the State's police
power and an unreasonable delegation of legislative and
judicial power to private groups. In addition, appellants
maintain that the statute is too vague and indefinite to
furnish the Commission with any reasonable guide for
the issuance of orders approving unitization plans, and
that the evidence does not support the Commission's
findings of fact.

In the light of our previous decisions, appellants have
failed to raise any substantial federal questions and the
appeals are therefore dismissed. *Cities Service Gas Co.* v.
*Peerless Oil & Gas Co.*, 340 U. S. 179 (1950); *Railroad
Commission of Texas* v. *Rowan & Nichols Oil Co.*, 311

U. S. 570 (1941); *Railroad Commission of Texas* v. *Rowan & Nichols Oil Co.*, 310 U. S. 573, as amended, 311 U. S. 614, 615 (1940); ·*Patterson* v. *Stanolind Oil & Gas Co.*, 305 U. S. 376 (1939); *Home Building & Loan Association* v. *Blaisdell*, 290 U. S. 398, 435, 436, 437 (1934); *Champlin Refining Co.* v. *Corporation Commission*, 286 U. S. 210 (1932).

*Dismissed.*