William David **BARR**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–721.

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1975.

Robert E. Prince, Sexton & Prince, Lawton, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron Wilhite, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, William David Barr, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–73–817, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, 21 O.S.1971, § 1435. His punishment was fixed at fifteen (15) years' imprisonment. From said judgment and sentence, he has perfected his timely appeal to this Court.

Defense counsel argues in his first proposition of error that State's Exhibits introduced at trial were derivative evidence of an unlawful search and seizure. After a careful study of arguments succinctly presented by both the State and the defense, we conclude defense counsel's arguments are meritorious. Consequently, we will not detail the facts. Suffice it to say that at the trial the testimony revealed that on December 21, 1973, at approximately 11:35 a. m., Deputy Gary Sinclair was on duty at the Kay County Deputy Sheriff's office and received a radio call from the Arkansas City, Kansas, Police Department dispatcher. The substance of the dispatch informed him he should watch for a small red, foreign vehicle with a damaged front fender and possible damage to the front of the vehicle. The vehicle was suspected to have been involved in a hit and run accident and suspected to be traveling into the State of Oklahoma. Chief Leslie Johnston of the Newkirk Police Department testified that in a conversation with Deputy Sinclair, he was relayed the above information. On that same date, while Johnston was driving north of Newkirk, Oklahoma, approximately two and one-half miles from the city limits, he observed the above mentioned vehicle approach him from the north traveling south. Johnston turned and pursued the vehicle and observed it turn onto a county road. He radioed Deputy Sinclair and informed him that he had spotted the car described in the radiogram. As he turned off the highway onto the county road, he turned on his red light. He stopped the vehicle and ordered the defendant out of it. Defendant was frisked for weapons and during the frisk Johnston observed an open container of what appeared to be an alcoholic beverage in the right front floorboard of the car. Johnston thereafter searched the interior of the car and certain items of evidence were found. Finally, Johnston related that the defendant was solely arrested upon the strength of the radiogram relayed to him by Deputy Sinclair and that no traffic violation occurred in his presence, as he did not learn of the instant felony until the day following the arrest. Johnston related that defendant had an odor of alcohol on his breath, he was sleepy eyed and that he had no Oklahoma State driver's license. For this reason Deputy Sinclair, after arriving on the scene, placed him under arrest for those offenses.

Deputy Sinclair testified that he transported defendant to the Kay County jail and booked him for the above offenses. He identified additional items of evidence found on defendant's person at the time of booking.

Other witnesses established that on the morning of December 21, 1973, the M & H Motor Company located at 1115 South Sheridan, Lawton, Oklahoma, had been burglarized and that the vehicle defendant was driving and the fruits of the search of the vehicle on defendant's person were items which were in the garage on the evening prior to the burglary.

The State has responded to defense counsel's assertion that the search was unreasonable arguing that the defendant does not have standing to object to the search of the vehicle as it is a stolen vehicle and alternatively arguing that the search of the vehicle and defendant was not unreasonable as it was incident to a lawful arrest.

In regard to appellee's assertion that defendant lacks standing to object to the search, we observe the case of Simpson v. United States 346 F.2d 291 (10th Cir. 1965). In that opinion the Tenth Circuit

ruled adversely to appellee's arguments regarding standing. Other than to point out that we find this case falls within the Tenth Circuit's holding on this issue, we will not discuss this issue in detail but rather will consider the question of whether or not the search was a reasonable one incident to a lawful arrest.

In the instant case, an arrest was made without a warrant. Title 22 O.S.1971, § 196 provides the authority for an officer to arrest without a warrant. That Section reads as follows:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

██ The testimony in the instant case established the officers at the time of arrest were not aware that the instant felony had been committed. Further, the radio call did not reveal a personal injury involved in the hit and run and, consequently, did not give the officers knowledge of a felony. We note that this case, therefore, does not fall within the rules recited in paragraphs 2, 3 and 4 of the above mentioned Statute. Consequently, the arrest must be justified under Paragraph 1 of the Statute in conjunction with its extension by the legislature.

In the case of Saltsman v. State, 95 Okl.Cr. 228, 243 P.2d 737 (1952), this Court had before it an arrest involving facts which summarily are as follows: A Highway Patrolman received a radio message to check a vehicle that had left Eufaula, Oklahoma, headed south on Highway 69. Acting upon this information

Highway Patrol Troopers commenced looking for a dark colored 1946 Ford bearing 1949 Oklahoma license 2–51543. As they approached the north city limits of McAlester, Oklahoma, officers met the described vehicle. They testified that at the time they first observed the car it was traveling at a high rate of speed and by the time they gained pursuit it was traveling within the McAlester city limits at the approximate speed of 40 miles per hour. Following the time they turned on their sirens and red lights, defendant's vehicle was stopped witin a block or one and one-half blocks. They observed the defendant's car weave but not cross the center line. The evidence as stated by the court further revealed the officers observed the defendant place something underneath the car seat. In summary the court held that, since the State did not establish that by the defendant traveling at a speed of 40 miles per hour he was violating a city ordinance, the record did not show that an offense had been committed in the presence of the officers. The court stated that the arrest commenced from the time the emergency equipment was engaged and, since no violation of the law was committed in their presence, they were without authority to effect the defendant's arrest without a warrant.

██ In the instant case the testimony at the trial revealed that the officers did not observe the defendant commit a public violation in their presence. Consequently, it would appear that defendant was not arrested without a warrant in compliance with the authority granted in Paragraph 1 of the Section 196. However, the legislature has extended the application of Paragraph 1 of Section 196. This extension is codified under 47 O.S.1972 Supp. § 16–114 and reads as follows:

"A police officer may, without a warrant, arrest a person for any moving traffic violation of which the arresting officer or another police officer in communication with the arresting officer has sensory or electronic perception includ-

ing perception by radio, radar and reliable speed-measuring devices."

The legislature, by enacting 47 O.S.1972 Supp. § 16–114, in effect has extended the presence of the law enforcement officer in certain limited circumstances. The question is whether this section is to be construed applicable to the instant arrest. It appears from the language of this section of Statutes the legislature intended the Statute to apply to circumstances wherein the arresting officer perceives a violation of the law with electronic equipment or where an officer observes or perceives with electronic equipment a traffic violation and relays by radio a message directly to another officer. In these two limited circumstances both officers above categorized have the authority to effect an arrest for a moving traffic violation. Consequently, when a moving traffic violation is involved, an officer who receives a direct report by radio from another officer who observed or perceived the offense in compliance with Section 16–114 has the authority to effect an arrest. We find the instant circumstance not to be within Section 16–114's extension of 22 O.S.1971, § 196. The radiogram does not show that the officer who initiated the radiogram observed a violation or perceived it in compliance with Section 16–114. To justify an arrest under this section, the record must affirmatively show that the transmitting officer perceived, in compliance with this section, · a moving traffic violation. Consequently, the radiogram in the instant case is not sufficient ground upon which an arrest may have been effected.

 Since we have concluded the officer did *not* have authority to effect an arrest, he was not in a place where he had a right to be and all evidence derived as a result of the arrest is inadmissible as the search is *not* incident to a *lawful* arrest. This ruling, however, is not to be interpreted to exclude the officer's observation of the defendant driving the vehicle prior to the arrest. The record in the instant case does not clearly show the officer's identification prior to the illegal arrest. We, therefore, reverse and remand this case to the District Court for retrial with instructions to the court to suppress all evidence derived as a result of the search including verbal testimony, evidence observed in plain view and evidence derived from a search of defendant's vehicle and defendant's person.

Reversed and remanded.

BRETT, P. J., and BUSSEY, J., concurs.