REQUESTED BY: Paul H. Roberts, Director, Nebraska Oil and Gas Conservation Commission.
1. What constitutes a discovery well?
2. At what time does a well establish a pattern for purposes of spacing requirements?
1. Generally, a discovery well is an exploratory well that encounters a new and previously untapped mineral deposit.
2. At the time the permit is filed, so long as drilling operations are pursued with diligence, in full compliance with all statutory requirements, rules and orders of the Oil and Gas Commission, and said well ultimately falls within the definition of a discovery well set forth above.
BACKGROUND. You have advised us that pursuant to Neb.Rev.Stat. §§ 57-908 and 57-909 (Reissue 1979), the Nebraska Oil and Gas Conservation Commission after public hearing on the matter, entered an Order which established that a minimum of 160 acres should be attributed to a Niobrara Formation natural gas well. That order further provided that the location of a discovery well established the location for any development wells drilled in any cornering or contiguous 640 acre legal subdivision. Subsequent to the entry of that Order, some controversy has arisen with regard to the interpretation and applicability of it vis a vis competing permittees within the Formation. Hence, you seek our opinion as to what constitutes a discovery well and in that connection, inquire as to where or what event qualifies a well as being that one which establishes a pattern for purposes of spacing. Our analysis and conclusion follows:
With regard to your question concerning the definition or attributes of a discovery well, we note that in Williams and Meyers Manual of Oil and Gas Terms, discovery well is defined as follows: `An exploratory well that encounters a new and previously untapped mineral deposit. A discovery well may open up a new field, or it may locate a new and previously unknown producing horizon in an old field.' Our research revealed that there have been no cases in Nebraska defining the term, nor is the definition found in any of our statutes. It appears to be a term frequently used, but rarely defined. The Supreme Court of Oklahoma did have occasion to define the term when considering whether or not an oil well drilled and completed twenty (20) years prior to passage of the Unification Act was comprehended by its regulatory terms. In that instance, the Oklahoma Supreme Court concluded that: `The discovery well is that well in the field that discovered the common source of supply which is the subject of unification.' Palmer Oil Corporation v.Phillips Petroleum Company, 204 Okla. 543, 231 P.2d 997,appeal dismissed, 343 U.S. 390 (1951). The definition of discovery well given by the Oklahoma Supreme Court is in harmony with that set forth above by Williams and Meyers. We believe they represent a sound interpretation of the term which can be relied upon by the Nebraska Oil and Gas Commission. Essentially, both definitions seem to indicate an adherence to the notion that the primary meaning of the word `discovery' does not include production, but merely means `to find'.
Secondly, you ask at what time does a well establish a pattern for purposes of spacing requirements. You suggest three possible alternatives: when the permit is filed, when the casing is run, or when the well is placed on production.
Again, our state courts have never had an opportunity to address the question. Hence, we must be guided in rendering our opinion by consideration of the language and spirit of the Oil and Gas Conservation Act, Neb.Rev.Stat. §§57-901 et seq. (Reissue 1978) and the attendant legislative imperatives with regard to the Commission's powers and duties under that act. In light of the fact that spacing patterns are designed and sanctioned on considerations, interalia, of preventing waste and the unnecessary drilling of wells, we must look to those principles for paramount guidance and simultaneously attempt to avoid a result which compromises the achievement of those aims.
When considered along those lines, it becomes readily apparent, that if a well established a pattern at the time that the casing was run, or the well was placed on production, the unnecessary drilling of wells could be left, to a large extent, unabated. Either one of those two alternatives would tend to encourage competitive racing by diverse operators to commence drilling operations in order to obtain the individual advantage of establishing the spacing pattern all the while to the bedevilment of the conservation objectives of minimizing unnecessary wells, waste, as well as the inefficient utilization of the reservoir energy.
However, if the spacing pattern is determined by the date the permit is filed, any incentives for the excessive commencement or drilling of wells would appear to be largely removed. Furthermore, the dictates of conservation and economics, which, in the first instance requires spacing, would be served.
Accordingly, we are of the opinion, that the most fair and reasonable result is to allow the date of the permit to determine the priority of wells for purposes of being deemed as the discovery well in the establishment of a pattern so long as the permittee with diligence and within a reasonable period of time enters upon the premises, commences, and pursues drilling operations in full compliance with all requirements of the statutes of this state and the rules and orders of the Oil and Gas Commission. Undue delay, the failure to conform with statutory requirements, or abide by applicable rules and orders of the Commission could and should, in our opinion, result in a forfeiture of the priority otherwise obtained by the permittee who was first in time. While a great variety of fact situations may arise in which the question of whether a forfeiture has occurred may need an answer, that analysis will be left for determination at a later time when the factual context places it in better focus. We simply point out the caveat now, to avoid any misunderstanding that priority obtained from the date of the permit will or could, to the exclusion of any other considerations, absolutely or unconditionally guarantee the establishment of a spacing pattern.
Summarizing now, we are of the opinion that a discovery well is one which could generally be described as being that well which encounters the sought after mineral as distinguished from a well developed to the point of producing it. Similarly, the pattern for purposes of spacing requirements, is to be determined by the date that the permit is filed so long as the well drilled pursuant to that permit ultimately falls within the definition of `discovery well' set forth above.
We hope the foregoing has been of some assistance to you. Please don't hesitate if you have any further questions.