MARATHON OIL COMPANY, a
corporation, Appellant,

v.

The CORPORATION COMMISSION OF
the STATE of Oklahoma, and Kaiser-
Francis Oil Company, Appellees.

No. 54290.

Supreme Court of Oklahoma.

Feb. 9, 1982.

Rehearing Denied Oct. 18, 1982.

William J. Legg and Richard L. Bohanon of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc., Oklahoma City, and Warren B. Leach, Jr., William G. Robb, Houston, Tex., for appellant, Marathon Oil Co.

H. B. Watson, Jr., Richard K. Books, Watson, McKenzie & Moricoli, A Professional Corp., Oklahoma City, for appellee, Kaiser-Francis Oil Co.

HARGRAVE, Justice.

Marathon Oil Company brings this appeal from an order of the Corporation Commission pooling the working interests of the parties to this proceeding in Section 7, Township 19 North, Range 24 West, Ellis County, Oklahoma. Applicant's application for a pooling order, as amended, sought aggregation of working interests from the Douglas to the Mississippi Lime formations which included the following: Tonkawa, Cottage Grove, Cleveland, Oswego, Cherokee, Atoka, Morrow and Chester. All of these formations were subject to 640-acre spacing unit orders, save the Atoka which was spaced for units of 160 acres.

The Applicant, Kaiser-Francis Oil Company, proposed to drill a well in the Northeast Quarter of the section to the Mississippi formation. Kaiser proposed the well would stand as the Atoka unit well for the quarter section and the unit well for the entire section in the other formations.

Marathon Oil owns no leasehold in the Northeast Quarter and therefore would not benefit from production from the Atoka out of the unit comprised of the northeast quarter section. Marathon's interest in the section amounts to a 150 acre interest in all formations in the Northwest Quarter and a 160 acre interest below the Atoka in the Southeast Quarter. Therefore, Marathon's total interest in a well drilled to the Mississippi is equivalent to 310 acres. The order pooling the working interests requires Marathon to bear a proportionate share of the costs of the well to the Mississippi Lime test, the 310 acres being 48% of the section. The cost of a well to the Mississippi Lime as reflected by the record is $545,600 in the event no production is found and a completed well would cost $837,600. The record contains no information on the cost of drilling itemized by formation.

The record also contains no request or evidence offered by the parties to ascertain

the cost of drilling to any of the individual formations above the Mississippi.

The order of the Corporation Commission provides Marathon with two options. Marathon may elect a bonus and royalty in exchange for their working interests or pay the above mentioned proportionate share of the total cost of the well.

On appeal, Marathon advances the position that to require it to participate fully in a Mississippian well is inequitable since the Atoka, at a shallower depth, is "virtually a certain producer" from which Marathon will not benefit. Additionally, Marathon posits that failure to grant indefinite continuances sought by it renders the pooling order outside of statutory authority limiting pooling orders to be issued when "owners have not agreed to pool their interests." Lastly, Marathon argues statutory authority for pooling was not followed, rendering subsequent judgment infirm by virtue of the fact that all owners of a working interest in the unit were not pooled.

Appellant contends first that the Corporation Commission's order is fatally reversible by virtue of the neglect of separate consideration of each common source, denying Marathon's ability to elect as to each common source individually. For such authority, appellant refers to *Patterson v. Stanolind Oil & Gas,* 182 Okl. 155, 77 P.2d 83 (1938), App. Dismissed 305 U.S. 376, 59 S.Ct. 259, 83 L.Ed. 231 as indicating only the permissibility of exercising the police power over "a single source of supply", connoting that language precludes treating common sources *in a pooling order* as an aggregate. To the same effect is the citation of *Helmerich & Payne, Inc. v. Corp. Comm'n,* 532 P.2d 419, at 422. Also referred to is *H. F. Wilcos Oil & Gas Co. v. State,* 162 Okl. 89, 19 P.2d 347, 86 A.L.R. 421 (1933).

 The argument here advanced fails to attend to the operative fact that in this application for a forced pooling order the applicant looks at a test of the Mississippi formation. Concededly, a protestant can object effectively to a pooling order requiring him to test a formation in which he has no ownership. In the cause here appealed such is not the case, however. Appellant has been pooled to require an election relative to a test of the Mississippi. Protestant has a 310/640 interest in that formation in the governmental section drilling and spacing unit. The Atoka is agreed to lie above the formation this well was targeted for. It is equally clear that a test well must traverse the horizon of the Atoka to reach the Mississippi. Neither the fact the hole to be drilled will pass through the anticipated Atoka depth, nor the fact that Marathon owns no interest in that formation, has a bearing upon the Commission's power to pool the rights of the owners of the right to drill to the Mississippi. The bore must pass through all intermediate strata before reaching the target formation and the protestant was required only to pay for a test of his lease interest in the section. The order correctly limits itself to costs of a Mississippi completion or dry hole, and under that order if the lower formation is dry the Marathon Company is responsible for its share of the non-producing hole. If the bottom is nonproductive and the Atoka is completed, the additional cost of that completion is borne solely by Kaiser-Francis. The order does not require Marathon to contribute to a completion other than the Mississippi.[1] The appellant is thus shown to be properly assessed for his proportionate share of the total cost of the deeper strata's test. The Commission's provision for payment of the cost of participation as an election is within the Commission's authority. The cost of the proposed well stands uncontradicted in the record, and we therefore find the order's provision for the cost of participation is affirmed. The second part of the election is the royalty and bonus to be afforded appellant for his rights in

---

1. A completion in a formation not owned by a poolee and a non-productive target formation would render equitable a recovery of contributed drilling expenses out of first production by the non-owning poolee. This concept was not raised on appeal, possibly because the applicant agreed to refund contributed drilling costs if only the Atoka was completed in this instance, both before the Commission and in this appellate proceeding.

the event he determines not to participate in the well. Here again the infirmity urged to exist with respect to this election relates to failure to separate the common sources in order that the appellant could elect individually as to each thereby participating, for example, in the lower and retaining shallower interests. The validity of this contention in the abstract as well as its lack of application in the appeal brought here is demonstrated in *C. F. Braun & Co. v. Corp. Comm'n,* 609 P.2d 1268 (Okl.1980). In *Braun* at p. 1271, this Court stated: "If the parties treat the different common sources of supply or spacing units as separate and distinct spacing units, and the evidence discloses an intent or desire on the owners' part that they be considered separately, an owner may not be required to have his rights under one spacing unit be dependent or contingent upon his rights or his election in another spacing unit. . . ." The quoted language was placed immediately after a portion of the opinion which states that the pooling order must be responsive to the application and the evidence. Therefore, if the parties treat two or more spacing units underlying the same tract as a single unit the pooling order may do so also. The record before the Court contains no indication that any evidence was presented as to the value of each separate unit for purposes of transfer in the event of an election not to participate. The order was responsive to the evidence and was within the Commission's authority to issue.

Appellant Marathon additionally contends the Commission's order is fatally erroneous by virtue of the failure of the pooling application to include all owners of a right to drill in the units considered. Other than Kaiser-Francis and Marathon, owners were Shell Oil Company and Filon. Shell was not a party at the time of the hearing because that company had been dismissed from the action because an agreement had been consummated with Kaiser-Francis relative to the operation of the proposed well. Similarly, the other company not a party to the action, Filon, executed an agreement with Kaiser-Francis by the time of the hearing, according to a closing statement made by applicant's attorney to the Corporation Commission. Such a statement in the record does not stand as the sole means of affirming the Commission's action, however. As the pooling statute now reads, it is clearly not contemplated that all owners of a right to drill must be joined in a pooling action. 52 O.S.Supp.1979 § 87.-1(e) states the pooling action may be brought against those owners who have not agreed to develop as a unit. The pertinent provision reads:

(e). . . When two or more separately owned tracts of land are embraced within a spacing unit, or where there are undivided interests separately owned, or both such separately owned tracts and undivided interests embraced within such established spacing unit, the owners thereof may validly pool their interests and develop their lands as a unit. Where, however, such owners have not agreed to pool their interest and where one such separate owner has drilled or proposes to drill a well on said unit to the common source of supply, the Commission, to avoid the drilling of unnecessary wells, or to protect correlative rights, shall, upon a proper application therefor and a hearing thereon, require such owners to pool and develop their lands in the spacing unit as a unit. . . .

Examination of the above language confirms the Commission's authority to pool, by administrative order, interests which were not voluntarily pooled. The authority to require pooling follows immediately upon language recognizing the validity of voluntary pooling agreements, and cannot be taken as a requirement that all owners must be pooled by order. The subsection (e) of the statute thus provides a limitation on the authority to pool by order requiring notice and a hearing. The order is required to be on "terms which are just and reasonable and will afford the owner of such tract in the unit the opportunity to recover or receive without unnecessary expense his just and fair share of the oil and gas." Under such a provision the questioned order is properly issued to the appellant, Marathon, requiring an election to participate or take a bonus and royalty for his working inter-

est. Absent from this proceeding are the owners of all interests other than applicant's 120-acre ownership and protestant's 310 acres of ownership. The appellant is required only to take up the burden of the cost of drilling the requested well coextensive with its ownership. Whether the applicant arranges a voluntary pooling agreement with the balance of the owners or pays all expenses other than Marathon's proportionate share of the cost of the well is immaterial from Marathon's point of view.

The order of the Commission pooling the rights of Kaiser-Francis Oil Co. and Marathon Oil Co. is free from error alleged in the appellant's two propositions of error, conceded to be a question of law by the appellant in his reply brief, and the order of the Corporation Commission, No. 157518 is therefore

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER and DOOLIN, JJ., concur.

SIMMS and OPALA, JJ., concur in result.