872 P.2d 411 (1994)
Binkley E. CLARKSON, Appellant,
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellees.
No. 82812.
Court of Appeals of Oklahoma, Division No. 3.
March 8, 1994.
M.E. Ferrell, Jr., Oklahoma City, for appellant.
Douglas R. Young, Oklahoma City, for appellees.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

OPINION
GARRETT, Vice Chief Judge:
While driving in her personal car, an off-duty police officer noticed an automobile being driven erratically. Appellant, Binkley E. Clarkson, was the driver. The off-duty officer had no communication equipment in her *412 personal car, other than a police radio. The off-duty officer used the police radio to call the dispatcher and request an officer in a marked police car to intercept Appellant's car. A uniformed officer in marked police car overheard the off-duty officer's communication and proceeded to the indicated location.
With the off-duty officer still following, Appellant's car pulled into a residential driveway. Appellant got out of the car, but left it running. The car moved and hit a garage door at the end of the driveway, and rolled backwards into the street. At that point, the uniformed officer arrived and observed Appellant. He noticed Appellant's staggered gait, slurred speech and blood shot eyes. He also noticed the odor of alcoholic beverage on Appellant. The uniformed officer approached the off-duty officer and discussed her observations of Appellant's driving. These observations included: driving his car left of center; changing lanes without signaling; driving over a striped median on the highway to make a last minute exit; straddling lane lines; making a wide right turn; and, bumping three curbs. Appellant was then placed in the back of the police car and driven to the police station. At the police station, the arresting officer asked Appellant to take a breathalyzer test. Appellant first stated he wanted to speak to an attorney, then he refused the test.
Appellant's drivers' license was subsequently revoked in accordance with 47 O.S. 1991 § 753. He requested a hearing before the State of Oklahoma ex rel. Department of Public Safety (DPS) to contest the revocation of his driving privileges. DPS upheld the revocation. Appellant appealed to the District Court. After a trial de novo, the District Court upheld the revocation. This appeal followed.
For reversal Appellant contends he was taken into custody under an illegal arrest and therefore DPS acquired no jurisdiction to revoke his drivers license. Specifically, Appellant asserts that since the arresting officer did not directly view any misdemeanor, he was unable to make an arrest in accordance with 22 O.S. 1991 § 196. However, 47 O.S. 1991 § 16-114 provides:
A police officer may, without a warrant, arrest a person for any moving traffic violation of which the arresting officer or another police officer in communication with the arresting officer has sensory or electronic perception including perception by radio, radar and reliable speed-measuring devices.
Section 16-114 requires the fellow officer to have (1) sensory perception, or (2) electronic perception, of a moving violation; and, the electronic perception specifically includes "radio, radar and reliable speed-measuring devices", but is not limited to the listed devices. "Sensory" perception obviously is different from "electronic" perception.
Here, the off-duty officer had sensory perception of Appellant's erratic driving. She observed "moving traffic violations". This information was communicated to the dispatcher and overheard by the uniformed officer. When the uniformed officer arrived, the two officers communicated face to face. The uniformed officer personally observed Appellant's behavior, behavior typical of an intoxicated person. Appellant relies on Barr v. State, 531 P.2d 1399 (Okl.Cr. 1975) and contends the two officers must be in direct communication, and since the off-duty officer was only in direct communication with the dispatcher, 47 O.S. 1991 § 16-114 does not apply. We do not agree. Barr is distinguishable on the facts, and was reversed because the observing officer did not witness or report a violation. Therefore § 16-114 was inapplicable. In Barr, sensory perception of a moving violation was not involved. In the case before us, the uniformed officer did not verbally communicate with the observing officer until both arrived at Appellant's residence. However, the uniformed officer was aware of the off-duty officer's observations of Appellant's erratic driving as it occurred. We hold, § 16-114, the "fellow officer rule", applies to these circumstances.
Appellant next contends that DPS did not follow established rules of practice and procedure. This appeal arises from the de novo hearing before the District Court. There is no record before us of what occurred at the DPS hearing, other than its *413 result of revoking Appellant's drivers license. In, Hamid v. Sew Original, 645 P.2d 496 (Okl. 1982) the Court held that error may not be based on a silent record. Absent an affirmative showing to the contrary, the presumption is that the trial court or the administrative agency acted properly. In addition, the record does not show that this issue was presented to the District Court. It may not be raised for the first time on appeal.
Other assignments of error by Appellant have not been properly preserved for appeal. See, Mothershed v. Mothershed, 701 P.2d 405 (Okl. 1985). Issues not raised in petition in error will not be considered for the first time on appeal.
AFFIRMED.
HUNTER, P.J., and BAILEY, J., concur.