1997 OK CIV APP 82

Aaron Wayne SIPES, Appellee,

v.

STATE of Oklahoma ex rel. DE-
PARTMENT OF PUBLIC
SAFETY, Appellant.

No. 89024.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Sept. 16, 1997.

Laura A. Shaeffer, Oklahoma City, for Appellee.

Earl L. Reeves, Jr., Oklahoma City, for Appellant.

## OPINION ON REHEARING

GOODMAN, Presiding Judge:

This is an appeal from a district court order setting aside the revocation of the plaintiff's driver's license after he refused to consent to a breathalyzer test and failed to appear at a timely requested, scheduled administrative hearing. Based upon our review of the record and applicable law, we affirm in part, reverse in part, and remand for further proceedings.

### I

On July 18, 1996, law enforcement authorities in Newcastle, Oklahoma, stopped plaintiff Aaron Wayne Sipes for suspicion of driving under the influence of an intoxicating substance after the arresting officer saw Sipes' vehicle "cross the center line & cross the white shoulder line." The officer observed Sipes had glassy eyes, difficulty with balance, slurred speech, and a strong odor of alcohol. Sipes was arrested, and refused the Implied Consent Test Request. The officer noted on the Officer's Affidavit and Notice of Revocation given to Sipes that the document would not function as a temporary license because at the time of his arrest, Sipes' driver's license was "not currently valid."

Sipes timely requested an administrative hearing before the Department of Public Safety (DPS), which notified him that an administrative hearing "will be held at 01:30 p.m., 09/05/96, at McClain County Courthouse...." Neither Sipes nor his counsel appeared at the scheduled hearing. The DPS hearing officer sustained the order of revocation based upon the sworn affidavit of the arresting officer.

On September 27, 1996, Sipes filed a Petition in district court seeking de novo review of the revocation order. DPS challenged the trial court's jurisdiction to hear the merits of the revocation, arguing Sipes' failure to appear at the scheduled administrative hearing constitutes a failure to exhaust the administrative remedies available to him under Oklahoma's implied consent statutes.

Sipes argued that under 47 O.S.Supp.1996, § 6–211(F), the district court "shall not consider the merits of the revocation action *unless* [1] a written request for an administrative hearing was timely submitted to the Department ... and [2] the Department entered an order denying the hearing or sustaining the revocation." (Emphasis added.) Sipes contended he had satisfied both prerequisites. He argued the legislature had not included, and the court may not read in, an additional prerequisite of actual attendance at the timely requested administrative hearing. DPS elected to stand on its jurisdictional challenge and did not present any witnesses.

In an order filed February 7, 1997, the trial court found Sipes had met the jurisdictional requirements to de novo district court review, and DPS had failed "to establish a prima facie case." The court vacated the order of revocation. DPS appeals.

### II

We note, as a preliminary matter, that on March 10, 1997, the supreme court ordered Sipes to file a response to the petition in error and brief by March 18, 1997, or the cause would stand submitted on DPS' filings only. Supreme Court Rule 1.25, 12 O.S.Supp.1996, ch. 15, app. 1, commands that an appellee shall file a response to the petition in error, and failure to respond "without good cause may result in sanctions by the Court."

Sipes did not file the required response to the petition in error but instead filed an answer brief. We will impose the supreme court's promised sanction and disregard Sipes' brief. As a result, this court is under no duty to examine the record for a theory to sustain the trial court's order. If DPS' appellate brief and the record are reasonably supportive of its propositions of error, we may reverse the appealed order. *See Cooper v. Cooper,* 1980 OK 128, 616 P.2d 1154.

DPS asserts the trial court erred in setting aside the revocation order because Sipes failed to exhaust his available administrative remedies, and therefore the district court lacked subject matter jurisdiction to address the merits of the revocation action. We disagree.

DPS cites numerous authorities in support of the well-settled principle that exhaustion of administrative remedies is a prerequisite to judicial intervention. Indeed, the doctrine, wherever applicable, does not require merely initiation of prescribed administrative procedures, but exhaustion of them, that is, pursuing them to their appropriate conclusion and correlatively, awaiting their final outcome before seeking judicial intervention. *Aircraft & Diesel Equipment Corp. v. Hirsch,* 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796 (1947).

Title 47 O.S.Supp.1996, § 754(D), dictates that upon receipt of a timely request for hearing, the "Commissioner of Public Safety *shall grant* the person *an opportunity* to be heard...." (Emphasis added.) Title 47 O.S.Supp.1996, § 6–211(F), predicates district court jurisdiction upon (1) a timely request for an administrative hearing submitted by the licensee to DPS, and (2) an order entered by DPS denying the hearing or sustaining the revocation.

It is undisputed that both of § 6–211(F)'s contingencies have occurred, and that the Commissioner afforded Sipes "an opportunity" to be heard—an opportunity he did not exercise. We decline to impose additional requirements on the narrowly drafted statutes before us. *See, e.g., Chase v. State ex rel. Dept. of Pub. Safety,* 1990 OK 78, 795

P.2d 1048. Clearly, Sipes timely initiated the administrative process, and the proceedings have reached a final administrative outcome—an order sustaining the revocation.[1] We find Sipes has satisfied the statutory requirements for exhaustion of administrative remedies, and the trial court correctly ruled it had jurisdiction.

### III

We hold, however, the district court exceeded the permissible bounds of its scope of review. In its petition for rehearing, DPS seeks to diminish the significance of a 1988 amendment to § 6–211 by characterizing it as "unartfully worded." DPS' argument on rehearing is based upon a misconception of the nature of judicial review of administrative agency determinations, and the concepts of original and appellate jurisdiction. In fact, we believe that the legislature carefully crafted § 6–211 by incorporating legal terms of art.

■ Original jurisdiction is the "[j]urisdiction to consider a case in the first instance. Jurisdiction of court to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts. Distinguished from *appellate* jurisdiction." *Blacks Law Dictionary* 1099 (6th ed. 1990). In an appeal from an administrative agency to a district court of *original* jurisdiction, the issues are triable de novo, that is, the court pays no deference to the lower tribunal's decision, and conducts a *new* trial on questions of both law and fact. *See e.g., Edge v. Board of County Commissioners,* 318 P.2d 621 (Okla. 1957).

1. *Marquart v. Director of Revenue,* 896 S.W.2d 716 (Mo.Ct.App.1995), relied upon by DPS, is distinguishable for at least three reasons. First, the *Marquart* suspension order was entered by default and the *"Director produced no evidence* on the merits of the action—whether there was probable cause to believe licensee was driving with excessive BAC...." (Emphasis added.) In the matter before us, of course, the revocation order was based upon the arresting officer's affidavit which appears to supply each element of proof required by § 754(F). Second, the Missouri statute does not contain a triggering mechanism for district court jurisdiction, *i.e.* "an order denying the hearing or sustaining the revocation," as does § 754. Third, the Missouri statute permits a trial de novo in the circuit court thus permitting a licensee to a new trial on appeal of the administrative order. As we discuss in Part III of this opinion, when the revocation or suspension is based upon a violation of our implied consent laws, Oklahoma's statutory scheme limits district court jurisdiction to an appellate review of the record assembled below. As a result, our statutes effectively eliminate *Marquart's* public policy concern that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures," resulting in interference with judicial economy.

■ A court exercising *appellate* jurisdiction, on the other hand, is *limited to a review of the evidence actually presented at the administrative level;* no new or additional evidence may be presented. *United States v. Texas Pipe Line Co.,* 528 F.Supp. 728 (E.D.Okla.1978) *aff'd* 611 F.2d 345 (10th Cir. 1979). Where no contrary evidence was presented at the administrative level, the district court has before it a presumptively correct and valid order. *Oklahoma Operating Co. v. State Dry Cleaners Bd.,* 306 P.2d 295 (Okla. 1957); *Clarkson v. State ex rel. Dept. of Pub. Safety,* 1994 OK CIV APP 39, 872 P.2d 411.

■ In Oklahoma, our district courts are vested with "unlimited original jurisdiction of all justiciable matters . . . and *such powers of review of administrative action as may be provided by statute."* Okla. Const. art 7, § 7 (emphasis added). "Under statutes giving the right of appeal, no case can be tried de novo in the appellate court unless such statute expressly permits or directs such a course to be pursued." *In re Gruber,* 89 Okla. 148, 214 P. 690 (1923) (syllabus by the court).

■ Before 1988, 47 O.S.1981, § 6–211(a), vested the district courts with original jurisdiction over petitions filed by "[a]ny person denied a license, or whose license has been canceled, suspended, or revoked" by DPS, except in enumerated instances. However, effective November 1, 1988, the legislature limited the scope of judicial review proceedings arising from implied consent violations. Since then, § 6–211(A), has dictated that in proceedings based upon a licensee's implied consent violation, the district "court is hereby vested with *appellate jurisdiction and shall hear said petition de novo."* 47 O.S.Supp. 1996, § 6–211(A) (emphasis added) (*see* Laws 1988, ch. 242, § 5, eff. November 1, 1988); 47 O.S.Supp.1996, §§ 753 and 754.

■ The fundamental goal of statutory construction is to ascertain the intent and purpose of the legislature as expressed in a statute. *Cooper v. State ex rel. Department of Pub. Safety,* 1996 OK 49, 917 P.2d 466.

We believe that by amending § 6–211 specifically to use the phrase "appellate jurisdiction [to] hear said petition de novo," it is an inescapable conclusion that the legislature has clearly shown its intent for district court review proceedings to be under the appellate jurisdiction of the court for licensees who have refused to submit to a blood, breath, saliva, or urine test under our implied consent laws, or whose test results have exceeded the statutory limit. If the licensee has refused to submit to the requested test, the district court may reexamine and weigh the evidence presented at the administrative hearing, without deference, to decide whether DPS has in fact met its threshold burden of proof to establish that:

■ the [arresting] officer had reasonable grounds to believe the [licensee] had been driving or was in actual physical control of a vehicle upon the public roads, highways, streets, turnpikes or other public place of this state while under the influence of alcohol, any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance as prohibited by law, [2] the person was placed under arrest. . . . [3] the person refused to submit to the test or tests, and [4] the person was informed that the privilege to drive would be revoked or denied if the person refused to submit to the test or tests.

Title 47 O.S., Supp.1996, § 754(E).[2] If the court concludes DPS has met that threshold burden, the licensee *may not present new evidence* but must *prove that the evidence adduced by DPS at the administrative level is facially deficient to satisfy the relevant statutory requirements. See, e.g., Palmer Oil Corp. v. Phillips Petrol. Co.,* 204 Okla. 543, 231 P.2d 997 (Okla.1951) *appeal dismissed,* 343 U.S. 390, 72 S.Ct. 842, 96 L.Ed. 1022 (1952). However, the "same findings must be made by the district court pursuant to § 754 as are made by the hearing examiner, even though the hearing before the dis-

---

2. The scope of the hearing must address additional elements of proof if the revocation is based upon a blood or breath test result. *See* 47

O.S.Supp.1996, § 754(F)(1); *Browning v. State ex rel. Dept. of Pub. Safety,* 1991 OK CIV APP 19, 812 P.2d 1372.

trict court is de novo." *Smith v. State ex rel. Dept. of Pub. Safety,* 1984 OK 16, ¶ 6, 680 P.2d 365, 368.[3]

 We thus find that if a licensee fails to exercise his opportunity to be heard at the administrative level, and DPS has issued an order sustaining the revocation based upon evidence presented by DPS at the scheduled hearing, the licensee has exhausted the available administrative remedies. However, he has done so at his peril. If the licensee then elects to challenge the revocation order in district court, the court must act as an appellate tribunal limited to canvassing the evidence actually presented at the administrative level. The district court exercising appellate jurisdiction to hear the licensee's petition de novo may not conduct a trial de novo, but may reexamine and weigh the evidence to determine whether DPS has met its burden of proof but must limit its examination to the evidence presented below. *No additional evidence may be presented.* For the licensee to prevail, he must prove that the evidence adduced at the administrative level is *facially deficient* to sustain the order. *See, Chase v. State ex rel. Dept. of Pub. Safety,* 1990 OK at ¶ 5, 795 P.2d at 1050 (a "patent deficiency in the statutorily required DPS material" is one "apparent on the face of the administrative proceedings").

## IV

We therefore hold the district court correctly exercised jurisdiction, but erred in its conclusions that DPS "fail[ed] to establish a prima facie case"; and that "[t]he Department's revocation/suspension should be vacated." The order is affirmed in part, reversed in part, and the matter is remanded to permit Sipes the opportunity to prove *facial irregularity* in the evidence presented at the administrative level.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

TAYLOR, V.C.J., and REIF, J., concur.

---

**3.** We disagree with DPS' assertion that our analysis conflicts with *Smith,* which established the scope of the issues to be addressed in revocation hearings after a 1975 amendment to § 754. *Smith* predates the 1988 amendment to § 6–211, and the court was not called upon to specifically address the district court's scope of review. We do not believe our analysis of that amendment conflicts with the *Smith* observation that "the hearing before the district court is de novo," but rather defines the scope of district court review in light of the amendment.