2001 OK CIV APP 154

**Liane M. DAVIS, Plaintiff/Appellee,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.**

**No. 96,390.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Nov. 20, 2001.

Charles E. Campbell, Stillwater, OK, for Plaintiff/Appellee.

Kenneth T. Linn, Oklahoma City, OK, for Defendant/Appellant.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶1 This is an appeal to review a district court order setting aside a Department of Public Safety (DPS) administrative order which revoked an operator's license based upon an alleged violation of Oklahoma's implied consent laws. DPS contended the licensee failed to exhaust her administrative remedies as required by statute, and therefore the district court lacked jurisdiction to hear the appeal. Based upon our review of the record and applicable law, we affirm in part, reverse in part, and remand for further proceedings.

I

¶2 According to evidence presented to the district court, on September 5, 2000, pursuant to the licensee's timely request for an administrative hearing, DPS notified licensee Liane M. Davis that it had scheduled a 2 p.m. administrative hearing on November 29, 2000, to address the revocation of her operator's license for a violation of Oklahoma's implied consent laws. On October 19, 2000, the licensee was at her attorney's office when she witnessed him telephone DPS, inform someone that he had a trial which would conflict with the scheduled administrative

hearing, and request a continuance for the licensee's hearing and the hearings for two other clients which were also scheduled for November 29. The attorney informed the licensee that the scheduled hearing would be continued and rescheduled for a later date.

¶ 3 On November 29, 2000, witnesses for DPS appeared at the originally scheduled time to present evidence in support of the revocation of the licensee's operator's license. Neither the licensee nor her attorney appeared at the hearing, and the hearing examiner sustained the revocation based upon the sworn affidavit of the arresting officer. Upon being informed of the revocation, the licensee objected and requested that the administrative hearing be reset. On December 12, 2000, the licensee's attorney explained to the DPS supervising attorney that he had requested continuances in 3 cases set for November 29, and that 2 of the 3 had in fact been continued, but through error or oversight, the administrative hearing officer and DPS witnesses had not been informed of a continuance in the licensee's case. The supervising attorney reviewed the matter, and denied the request to reset the hearing.

¶ 4 The licensee filed a petition in district court December 15, 2000, seeking a modification of her operator's license to permit her to drive in the course of her employment. On January 5, 2001, she amended her petition alleging that the DPS denial of her request to reset her administrative hearing had denied her "a proper and fair hearing on the evidence...." She sought a trial de novo on the merits of the revocation of her operator's license.

¶ 5 The district court held a hearing on the matter February 2, 2001. DPS argued that it did not have a record that the licensee's attorney had requested a continuance in the matter and, because the licensee had not exhausted her administrative remedies by participating in her originally scheduled administrative hearing, the court lacked jurisdiction to address the merits of the revocation action. DPS contended that earlier that day it had attempted to settle the matter by offering the licensee a modification of the revocation, but that the licensee was "not

interested" and wanted "the whole thing set aside."

¶ 6 At the conclusion of the hearing, the district court stated:

> Well, I'm going to issue an order setting aside the revocation, saying that the Department, based on the testimony of Ms. Davis, granted her a continuance, and then due to their own internal methods did not properly docket the continuance and, therefore, wrongfully revoked her license without providing her an opportunity for a hearing.
>
> . . . .
>
> I think it's inherent power of the Court to set aside matters when one party misleads another to their detriment and to take advantage of doing so. And the Court finds that's apparently what happened in this case, based on all of the evidence that's been presented....

¶ 7 In an order filed May 25, 2001, the district court set aside the revocation of the licensee's operator's license concluding "as a matter of law that the administrative hearing officer improperly conducted a hearing on November 29, 2000 for the reason that unbeknownst to the administrative hearing officer [DPS] had agreed to continue the matter." DPS appeals.

## II

¶ 8 The material facts in this matter are not contested. We are thus presented with a question of law. Contested issues of law are reviewable in all actions by a de novo standard-an appellate court claims for itself plenary, independent, and non-deferential authority to re-examine the trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, ¶ 4, 932 P.2d 1100, 1103 n. 1. This court "will not reverse or disturb a finding of a lower court if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support its findings." *Smith v. State ex rel. Department of Public Safety*, 1984 OK 16, ¶ 7, 680 P.2d 365, 368.

¶ 9 DPS argues the trial court abused its discretion and erred as a matter of law in setting aside the licensee's operator's license

without hearing "one shred of evidence as to the arrest or the merits of the arresting officers [*sic*] actions as required by 47 O.S. § 6–211 (I). . . ." We agree.

¶ 10 The facts before us are similar to the facts we were presented in *Sipes v. State ex rel. Department of Public Safety*, 1997 OK CIV APP 82, 950 P.2d 881. The licensee in *Sipes* timely requested an administrative hearing but failed to actually appear at the scheduled hearing. The hearing officer sustained the order of revocation based upon the sworn affidavit of the arresting officer. The licensee appealed to a district court. DPS challenged the jurisdiction of the court arguing that by failing to appear at the scheduled administrative hearing, the licensee had failed to exhaust his administrative remedies—a mandatory prerequisite to an appeal in the district court. The licensee argued that he had satisfied the statutory requirements, and the court had jurisdiction to proceed. The court found it had jurisdiction and set aside the revocation based on a finding that DPS had failed "to establish a prima facie case."

¶ 11 We affirmed the trial court's exercise of jurisdiction, finding that:

Title 47 O.S. Supp.1996, § 754 (D), dictates that upon receipt of a timely request for hearing, the "Commissioner of Public Safety *shall grant* the person *an opportunity* to be heard. . . ." (Emphasis added.) Title 47 O.S. Supp.1996, § 6–211 (F), predicates district court jurisdiction upon (1) a timely request for an administrative hearing submitted by the licensee to DPS, and (2) an order entered by DPS denying the hearing or sustaining the revocation.

It is undisputed that both of § 6–211(F)'s contingencies have occurred, and that the Commissioner afforded Sipes "an opportunity" to be heard—an opportunity he did not exercise. We decline to impose additional requirements on the narrowly drafted statutes before us. *See, e.g., Chase v. State ex rel. Dept. of Pub. Safety*, 1990 OK 78, 795 P.2d 1048. Clearly, Sipes timely initiated the administrative process, and the proceedings have reached a final administrative outcome—an order sustaining the revocation. We find Sipes has satis-

fied the statutory requirements for exhaustion of administrative remedies, and the trial court correctly ruled it had jurisdiction. *Id.* at ¶¶ 11, 12, 950 P.2d at 883 (footnote omitted).

¶ 12 We held, however, that in exercising its jurisdiction, the district court had exceeded the permissible bounds of the scope of its judicial review. We noted that:

In Oklahoma, our district courts are vested with "unlimited original jurisdiction of all justiciable matters . . . and *such powers of review of administrative action as may be provided by statute*." Okla. Const. art. 7, § 7 (emphasis added). "Under statutes giving the right of appeal, no case can be tried de novo in the appellate court unless such statute expressly permits or directs such a course to be pursued." *In re Gruber*, 89 Okla. 148, 214 P. 690 (1923) (syllabus by the court).

Before 1988, 47 O.S.1981, § 6–211 (a), vested the district courts with original jurisdiction over petitions filed by "[a]ny person denied a license, or whose license has been canceled, suspended, or revoked" by DPS, except in enumerated instances. However, effective November 1, 1988, the legislature limited the scope of judicial review proceedings arising from implied consent violations. Since then, § 6–211(A), has dictated that in proceedings based upon a licensee's implied consent violation, the district "court is hereby vested with *appellate jurisdiction and shall hear said petition de novo*." 47 O.S.Supp.1996, § 6–211 (A) (emphasis added) (*see* Laws 1988, ch. 242, § 5, eff. November 1, 1988); 47 O.S.Supp.1996, §§ 753 and 754.

. . . .

We thus find that if a licensee fails to exercise his opportunity to be heard at the administrative level, and DPS has issued an order sustaining the revocation based upon evidence presented by DPS at the scheduled hearing, the licensee has exhausted the available administrative remedies. However, he has done so at his peril. If the licensee then elects to challenge the revocation order in district court, the court must act as an appellate tribunal limited to canvassing the evidence actually presented

at the administrative level. The district court exercising appellate jurisdiction to hear the licensee's petition de novo may not conduct a trial de novo, but may reexamine and weigh the evidence to determine whether DPS has met its burden of proof but must limit its examination to the evidence presented below. *No additional evidence may be presented.* For the licensee to prevail, he must prove that the evidence adduced at the administrative level is facially deficient to sustain the order. *See, Chase v. State ex rel. Dept. of Pub. Safety,* 1990 OK at ¶ 5, 795 P.2d at 1050 (a "patent deficiency in the statutorily required DPS material" is one "apparent on the face of the administrative proceedings"). *Id.* at ¶¶ 16, 17, 21, 950 P.2d 884, 885.

We remanded the matter with directions to permit the licensee the opportunity to prove *facial irregularity* in the evidence presented at the administrative level. Mandate issued in the matter on December 3, 1997.

¶ 13 Effective November 1, 1999, the legislature amended § 6–211 in two subsections relevant to this proceeding, § 6–211(A) and (F). *See* Laws 1999, ch. 139, § 3. Excised from subsection (A) is the reference to "appellate jurisdiction" in appeals from implied consent administrative proceedings. The subsection now states that the "district court is hereby vested with *original jurisdiction* to hear said petition." (Emphasis added.) Likewise, subsection (F) now has 3 rather than 2 predicatory requirements for a district court appeal involving alleged implied consent violations, namely (1) a timely request for an administrative hearing; (2) the *"person actually exercised the opportunity to appear ...;"* and (3) DPS entered an order sustaining the revocation. (Emphasis added.)

¶ 14 In this matter, the licensee did not "actually exercise the opportunity to appear" at the administrative hearing. We disagree with DPS that the licensee's failure to satisfy the statutory requirement is fatal to her right to challenge the merits of her revocation in district court. She appeared in the district court and offered evidence in the form of live testimony as to the circum-

stances which prevented her from satisfying the statutory requirement. Although it appears that securing informal continuances of administrative proceedings is a common practice among those who appear before DPS, the facts of this case dramatically demonstrate the complications such informal procedures may present to an appellate court when the oral communications are not memorialized.

¶ 15 In amending § 6–211(A), the legislature expanded the scope of district court review by striking the reference to "appellate" jurisdiction in implied consent matters and vesting the district courts with "original" jurisdiction. As we stated in *Sipes*:

> Original jurisdiction is the "[j]urisdiction to consider a case in the first instance. Jurisdiction of court to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts. Distinguished from *appellate* jurisdiction." *Blacks Law Dictionary* 1099 (6th ed.1990). In an appeal from an administrative agency to a district court of *original* jurisdiction, the issues are triable de novo, that is, the court pays no deference to the lower tribunal's decision, and conducts a new trial on questions of both law and fact. *See e.g., Edge v. Board of County Commissioners,* 318 P.2d 621 (Okla.1957). *Id.* at ¶ 14, 950 P.2d at 883.

Thus, we find the district court in the matter before us is vested with original jurisdiction to take evidence in order to determine whether the licensee has satisfied the statutory prerequisites for an appeal from the administrative hearing, or was prevented from doing so by mistake, neglect, or an irregularity in obtaining the administrative order. If so, the court should proceed to take evidence regarding the merits of the revocation of her operator's license.

### III

¶ 16 We find and hold the trial court properly exercised jurisdiction to determine whether the licensee satisfied the statutory requirements for a district court appeal. We hold, however, that the district court erred as a matter of law in setting aside the revocation without hearing evidence regarding the

merits of the revocation. We affirm in part, reverse in part, and remand for further proceedings.

¶ 17 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, V.C.J., and COLBERT, J., concur.