PACIFIC EMPLOYERS INS. CO. et al.
v. ADAMS.

No. 31835. March 12, 1946.

*168 P. 2d 105.*

Hudson & Hudson and Norma Wheaton, all of Tulsa, for plaintiffs in error.

Pryor & Wilbanks and L. M. Lett, Jr., all of Holdenville, for defendant in error.

HURST, V. C. J. The plaintiff, Ernest R. Adams, sued the defendants, Pacific Employers Insurance Company and Jack Krippendorf, to recover damages for libel. From a verdict and judgment in favor of the plaintiff, the defendants appeal.

The plaintiff was claimant in a case pending before the State Industrial Commission and an award was therein made in his favor. The Pacific Employers Insurance Company was the insurance carrier against which the award was made. Krippendorf was the state manager for the insurance company. The insurance company filed a motion to reopen the case and discontinue payment of further compensation, attaching to the motion a report by Dr. John Munal in form of a letter addressed to Krippendorf stating, among other things, that in his opinion claimant exaggerated his condition, and that he appeared to be in good health and to be suffering from no disability and could do light work, and the report contained this paragraph, claimed to be libelous:

"This patient has had a positive Wasserman test on two previous occasions, a positive Wasserman test was obtained during my treatment. He was given several shots of Mapharsen and seemed

to improve, but he absolutely refused further Leutic treatment because it made him sick. He flatly refused to have a spinal puncture done to determine his Wasserman reaction and colloidal curves for Lues."

The defedants argue that said statement was absolutely privileged and that the court committed error in overruling their demurrer to the petition, their demurrer to plaintiff's evidence and their motion for a directed verdict, and in instructing the jury on the question of malice or falsity of the publication.

The plaintiff contends that the statement alleged to be libelous is not relevant and pertinent to the issue involved in the proceeding to discontinue compensation.

Our statute, 12 O. S. 1941 § 1443, provides:

"A privileged publication or communication is one made: First. In any legislative or judicial proceeding or any other proceeding authorized by law; . . . No publication which, under this section, would be privileged, shall be punishable as libel."

Rule 17 of the State Industrial Commission provides:

"The commission will not consider nor set for hearing any motion to discontinue payment of compensation ordered . . . unless such motion to discontinue compensation sets up sufficient grounds supported by a physician's report."

It is clear that a proceeding before the State Industrial Commission is a "proceeding authorized by law" within the purview of section 1443, above. Tuohy v. Halsell, 35 Okla. 61, 128 P. 126, 43 L. R. A. (N.S.) 323, Ann. Cas. 1916B, 1110. And it is also clear that a physician's report is proper and necessary to be filed with a motion to discontinue compensation under Rule 17, above.

Section 1443 is silent on the question as to whether such a publication must be pertinent and material to the subject matter of the inquiry. However, the general rule obtaining in this country is that for matter contained in a pleading filed by a party in a judicial proceeding or other proceeding authorized by law to be absolutely privileged it must be "relevant or pertinent to the issues" (Newell, Slander and Libel, 4th Ed. § 382), or it must be "connected with, or relevant or material to, the cause in hand or subject of inquiry" (36 C. J. 1251), or it must be "pertinent and relevant to the subject under inquiry" (33 Am. Jur. 145), or it must "have some reference to the subject of the inquiry" (Restatement, Torts, § 587). The courts generally follow a liberal rule in favor of pertinency, and all reasonable doubt is resolved in favor of the pleader. Simon v. London Guarantee & Accident Co., 104 Neb. 524, 177 N. W. 824; 16 A. L. R. 743; Johnston v. Schlarb, 7 Wash. 2d 528, 110 P. 2d 190, 134 A. L. R. 474; 33 Am. Jur. 146; 36 C. J. 1252, 1254. In Andrews v. Gardiner, 224 N. Y. 440, 121 N. E. 341, 2 A. L. R. 1371, in an opinion written by Mr. Justice Cardoza, it was said that "the privilege embraces anything that may possibly be pertinent."

Bearing in mind the foregoing rules, and assuming without deciding that the requirement that the matter claimed to be defamatory must be pertinent to the subject of the inquiry, we are of the opinion, and hold, that the statement here complained of was pertinent to the question raised by the motion to discontinue compensation. The motion contained the allegation that the claimant "is able to return to ordinary manual labor and is entitled to no further compensation" by reason of the injury. The physician's report tended to sustain this statement. The question as to whether the plaintiff was unable to return to his work, and, if not, the reason for his disability, was material. If the then disability was due entirely to syphilis, the insurance carrier was not liable for further compensation. And, since the matter complained of was filed as a part of the pleading in the case, the question as to whether the

matter was pertinent or relevant was one for the court to determine as a matter of law and not one to be submitted to the jury. 33 Am. Jur. 146; Newell, Slander and Libel (4th Ed.) § 395.

Since, as we hold, the matter complained of was absolutely privileged, the questions of whether it was false or made with malice are immaterial. Hughes v. Bizzell, 189 Okla. 472, 117 P. 2d 763.

Reversed, with directions to dismiss the cause.