1998 OK CIV APP 66

1998 OK CIV APP 66

**Bobby Randall THOMASON, Plaintiff/Appellant,**

**v.**

**Leisa Joy SEARS, formerly Lisa Joy Thomason, Defendant/Appellee.**

**No. 89697.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 17, 1998.

Yonne P. McDaniel, Mangum, for Plaintiff/Appellant.

*MEMORANDUM OPINION*

CARL B. JONES, Vice Chief Judge:

¶ 1 Plaintiff/Appellant Bobby Thomason was divorced from Defendant/Appellee Leisa Thomason in 1990. The Thomasons had two children during their marriage, and Leisa was awarded custody of them.

¶ 2 Before she was divorced from Bobby, Leisa moved to New Mexico with the two children. While there, she cohabited with a man and had a child by him out of wedlock. She later cohabited with another man, whom she eventually married.

¶ 3 In October, 1996, Bobby moved to modify the trial court's divorce decree because he suspected Leisa's new husband was abusing and harassing the two older children. The parties agreed that Bobby could have custody of the children during the school year, and then the trial court would consider the matter of a permanent change of custody.

¶ 4 The trial court conducted its hearing, and agreed that Bobby should have custody of the children. Its signed court minute in the record also states that Leisa would pay child support "computing her wages at $44,000.00 per year taking into consideration that sh[e] has another minor child at home." The formal order entered thereafter had attached a child support computation form in which the court expressly declined to follow the published child support guidelines in 43 O.S. 1991 § 119 because Leisa had the other child to support.

¶ 5 Bobby has appealed only that part of the new custody order which relates to the trial court's calculation of child support. He questions whether the trial court had the legal or factual basis to deviate from the child support guidelines, and asserts that, if it did, the trial court failed to make the required findings of fact to support its deviation. Leisa did not file a response to Bobby's petition in error and did not file an answer brief.

¶ 6 When the appellee does not file an answer brief, we must consider, without searching the record, whether the appellant's brief sustains the allegations made in the petition in error. If so, the judgment of the trial court will be reversed and the cause remanded. Conversely, if the appellant's brief does not support his allegations of error, the trial court's disposition will be affirmed. *Needham v. Hays,* 1967 OK 124, ¶ 2, 431 P.2d 441, 442–43; *see Hamid v. Sew Original,* 1982 OK 46, ¶ 7, 645 P.2d 496, 497; *Williams & Kelley Architects v. Independent School Dist. No. 1, Okmulgee County,* 1994 OK CIV APP 113, ¶ 8, 885 P.2d 691, 694.

¶ 7 There is a legal basis for inclusion of Leisa's other minor child in the trial court's calculation of support, though it was born out of wedlock. Bobby has cited the relevant statute in his brief. It provides that except as otherwise agreed between parties represented by counsel, the trial court shall not consider support requirements for stepchildren, but the court "may take into account the reasonable support obligations of either parent as to only natural, legal, or legally adopted minor children." 43 O.S.1991 § 118(A). So, when it calculated what she had to pay to help Bobby support the children from his union with Leisa, the trial court was also permitted to consider that Leisa had another child to support, even though it was born out of wedlock.

¶ 8 Bobby argues in his second proposition that the trial court did not properly justify its deviation from the § 119 guidelines. Section 118(A) provides that if the trial court deviates from those guidelines, "it shall make specific findings of fact supporting such action." *See Lockhart v. Lockhart,* 1996 OK CIV APP 56, ¶ 6, 919 P.2d 454, 456. The trial court's finding that Leisa had a minor child at home to support along with the two placed in Bobby's custody satisfied that requirement.

¶ 9 The fact that Bobby is a prison guard at the Granite Reformatory while Leisa earns more than twice his annual salary does not justify ignoring the plain language of the statute. This Court must consider only whether the trial court committed some reversible error by including Leisa's third child, her natural child, in its calculation of support due to Bobby. Section 118(A) permitted the trial court to do so.

¶ 10 The trial court's order modifying custody and determining child support must be, and hereby is, affirmed.

¶ 11 AFFIRMED.

JOPLIN, P.J., and HANSEN, J., concur.