1999 OK CIV APP 12

**BOB MOORE CADILLAC, INC.,**
Plaintiff/Appellee, Counter–
Appellant,

v.

**Leona T. and Jerry W. PROCTOR,**
Defendant/Appellants, Counter–
Appellees.

No. 90,770.

Court of Civil Appeals of Oklahoma.
Division No. 3.

Jan. 11, 1999.

Leona T. Proctor, Jerry W. Proctor, Midwest City, Oklahoma, Pro se.

Lorrie A. Corbin, C. Craig Cole, Oklahoma City, Oklahoma, For Appellee.

## OPINION

GARRETT, Judge:

¶ 1. Appellee, Counter–Appellant, Bob Moore Cadillac, Inc. (Moore), sold a 1991 Lincoln Continental automobile to Appellants, Counter–Appellees, Leona T. Proctor and Jerry W. Proctor (Proctors), on or about February 19, 1996. The purchase agreement contains a provision that it is "subject to Purchaser's satisfactory credit rating and the acceptance and funding of this Purchase Agreement and/or any Retail Installment Sales Contract executed herewith by a qualified lender or other financial institution." Moore was allegedly advised by Proctors' lender, Star Financial Services (Star), that the provisional 30–day acceptance of Proctors' application was rejected for their failure to submit certain requested information to complete the application process. Proctors contend they were told by Star's employees that Moore waited more than 30 days to send in the contract, and that delay was the cause of the rejection.

¶ 2. Moore contends it demanded payment or the return of the vehicle, neither of which it received. Moore sued Proctors for failure of consideration, unjust enrichment (for the sum of $573.00 it had to pay to release the lien on Proctors' trade-in vehicle), and for replevin of the vehicle. In the meantime, Moore repossessed the automobile and moved to dismiss the action. However, Proctors answered and counter-claimed, requesting damages for, *inter alia*, emotional "stress", personal injury, breach of contract, fraud and misrepresentation.[1] Because the purchase agreement provides that any dispute under the contract shall be submitted to arbitration,[2] Moore filed a motion to compel arbitration and stay proceedings. Proctors initially objected, but eventually, on August 14, 1997, filed their Demand for Arbitration. Under the heading, "The Nature of the Dispute", they alleged:

Demand for Arbitration to be paid by Bob Moore Cadillac immediately, breach of contract, conversion, emotional stress and physical harm.

Under "The Claim or Relief Sought (the Amount, if Any)" heading, Proctors alleged:

"Actual damages (auto, medical, emotional and physical), punitive damages, compensatory damages $50,000.00 plus a 1997 Cadillac Catera fully loaded tinted windows, alarm no payments."

¶ 3. The arbitration hearing took place, and the Arbitrator denied Proctors' claims, in favor of Moore. Moore requested attorney fees and the costs advanced for arbitration on behalf of Proctors. The Arbitrator denied Moore's request. Moore appealed the decision on costs and fees to the district court, and the trial court denied the request, despite the lack of an objection from Proctors, for the following reason:

The Defendant having failed to file a response and having failed to appear, the Court called the case and informed Plaintiff's counsel that the Court did not wish to disturb the Arbitrator's Award and would allow the Appellate Court to award any

---

1. Although the answer and counter-claim is not part of the appellate record, because it was not designated by either side, it appears undisputed that Proctors requested affirmative relief in the nature of tort damages and contractual damages.

2. The nature of arbitration was stated by our Supreme Court in *Voss v. City of Oklahoma City*, 1980 OK 148, 618 P.2d 925, 927–28:

Arbitration is the referral of a dispute by the voluntary agreement of the parties to one or more impartial arbitrators for a final and binding decision as a determination of their dispute. An arbitration award is made on the basis of evidence and argument presented by the parties who agree in advance to accept the decision of the arbitrator as final and binding. An award which is within the scope of the arbitration agreement is as binding as was the agreement authorizing it. In some instances, it is as binding as a judgment of a court....

The fundamental purpose of arbitration is to preclude court intervention into the merits of disputes when arbitration has been provided for contractually. The basis for the institution of an arbitration proceeding may be either an agreement which provides for arbitration of future controversies or for submission of existing controversies. An agreement for the submission of an issue to arbitrators is a prerequisite to the commencement of a valid arbitration agreement. Where arbitration has been contracted for it constitutes a substantive and mandatory right. There cannot be a valid arbitration or award without a binding submission to arbitration or an impartial arbitrator. [Footnotes omitted.]

attorney fees and costs to Plaintiff's (sic) as the Appellate Court deemed appropriate. The Court affirmed the arbitrator's award.

¶ 4. Proctors filed an appeal, Case number 90,418,which was determined to be a premature appeal and was dismissed by the Supreme Court. Proctors later filed the instant appeal. Moore filed a counter appeal, alleging error for the denial of an award for attorney fees and costs.

¶ 5. After Proctor's appeal was filed, Moore filed motions on July 1, 1998, and October 6, 1998, requesting its counter petition in error to be affirmed and to dismiss Proctors' petition in error, with costs and attorney fees to be assessed as sanctions for Proctor's failure to respond to the counter petition in error. This request was included, among others, in a prior motion, filed March 26, 1998, before the Supreme Court. After ordering the Proctors to respond to the earlier motion, the Supreme Court issued the following order, filed May 4, 1998, denying the motion. The Court ordered as follows:

Appellee's motion to dismiss this appeal for alleged defects in the documents filed by the *pro se* appellants in this Court is denied *with prejudice*. [Emphasis supplied.] Appellants are admonished, however, that they must mail a copy of everything that they file in this Court to the attorney for the appellee. Rule 1.4(g) of the Oklahoma Supreme Court Rules.

Appellee's request that this Court assess costs against the appellants as a sanction for failure to comply with the rules is denied.

¶ 6. To comply with the Supreme Court's directive in the May 4 order, we will not dismiss Proctors' appeal or assess costs as a sanction for their failure to respond to Moore's counter petition in error. Therefore, Moore's July 1, 1998[3] and October 6, 1998 motions are denied. However, we will treat *Moore's counter appeal* as an appeal submitted on Appellee/Counter-Appellant's (Moore's) brief only. See *Sipes v. State ex rel. Dept. of Public Safety*, 1997 OK CIV APP 82, 950 P.2d 881.[4] As a case submitted on an appellant's brief only, this Court is under no duty to search the record for a theory to sustain the trial court's judgment if Appellant's brief is reasonably supportive of the allegations of error. If Appellant's brief is not so supportive, the trial court's decision will be affirmed. *Cooper v. Cooper*, 1980 OK 128, 616 P.2d 1154.

### PROCTORS' APPEAL

¶ 7. The Proctors filed a counter claim for personal injury.

¶ 8. The only section of the Proctors' petition in error which purports to state the relief requested or to provide a statement of the issues and alleged errors for reversal is as follows:

Comes now for consideration the Defendants (sic) petition with exhibits for a hearing and jury trial. In the matter of a breach of contract due to missing documents left out by the plaintiff, conversion, emotional stress, with physical harm due to head injury inflicted by the plaintiff. Actual damages (auto, medical emotional stress, and physical harm, punitive damages, and compensatory damages $200,000.00 dollars plus a 1997–Cadillac Sedan

**3.** This appeal was transferred to the Court of Civil Appeals by the Supreme Court on September 23, 1998, prior to ruling on the July 1, 1998 motion.

**4.** The Supreme Court ordered the appellant in *Sipes* to respond to the petition in error and brief or the cause would stand submitted on Appellant's brief only. The Court cited Supreme Court Rule 1.25, 12 O.S. Supp.1996, ch. 15, app.1, requiring an appellee to file a response to the petition in error and providing the failure to respond "without good cause" may result in sanctions by the Court. The Appellee filed only an answer brief, and the Court of Civil Appeals

imposed the Supreme Court's promised sanction and disregarded the Appellee's brief. In the instant case, the Proctors also did not respond to the counter petition in error, in violation of Rule 1.25, and it is clear the Supreme Court did not find a dismissal or assessment of costs to be a valid sanction. However, it is clear to this Court that Moore would not have continued filing motions if the Proctors had responded to its counter petition in error. Our resolution enforces the Supreme Court's rules without undue harm to either party. Pro se litigants are held to the same standard as litigants represented by an attorney. See *Funnell v. Jones*, 1985 OK 73, 737 P.2d 105.

DeVille fully loaded with tinted windows, tag, title, tax, insurance and no payments. For all of the pain and suffering that has occured (sic) in this matter. Also the attorney fees for the plaintiff has already been denied.

Respectfully

Leona Proctor and Jerry Proctor

¶ 9. Although Leona Proctor testified at the arbitration hearing that she was injured when the repossession took place, because she sat on the car while it was being towed, there was evidence to the contrary from her neighbors. She also testified that she had been treated for emotional stress prior to entering into the purchase agreement with Moore, and that she had taken medication for it. There was also evidence that she did not cooperate with Moore to get the supplemental information necessary for Star to process and approve the application for financing to pay for the car. She attempted to introduce, through her own testimony, hearsay evidence to the effect that Star employees told her Moore had delayed getting the contract sent to Star, and that the 30 day temporary acceptance, pending the supplemental information, expired on its own terms. However, she introduced a copy of a letter showing that Moore had sent the contract on February 25, 1996, and the acceptance did not expire until March 11, 1996. The damages Proctors sought, in the nature of a new, *free* Cadillac, were out of the question and absurd, and, not surprisingly, were not awarded.

¶ 10. An arbitrator's decision is final and binding on the parties. *City of Bethany v. Public Employees Relations Bd. of State of Okl.,* 1995 OK 99, 904 P.2d 604, 616. We find no reason to disturb the arbitrator's decision, and the trial court correctly affirmed it.

¶ 11. As to the counter-appeal by Moore, however, we hold the trial court should have entertained Moore's request for attorney fees and costs. Pursuant to the purchase agreement, Moore is entitled to attorney fees and costs. It provides:

The Dealer and the Purchaser agree that if the Dealer must hire legal counsel to enforce the terms of this Purchase Agreement, or of any of the documents relating to the same matters, between the same parties, and made as part of substantially the same transaction described herein, that the Purchaser will pay to the Dealer attorneys fees and costs incurred in obtaining judgment or enforcing Dealer's legal rights. Further, should the same matters, between the same parties, and made as part of substantially the same transaction described herein, including any of said documents, Purchaser will pay to Dealer any and all legal fees and costs incurred by Dealer in Dealer's successful defense of dealer's right

¶ 12. Additionally, the Arbitration Rules cited by Moore, the Commercial Arbitration Rules, promulgated by the American Arbitration Association (AAA), cited by Moore provide for the allocation and assessment of costs and attorney fees. Moreover, 12 O.S. 1991 § 936 provides for the prevailing party to be allowed a reasonable attorney fee to be set by the court and to be taxed and collected as costs, "in any civil action to recover on ... a contract relating to the purchase or sale of goods...." We hold Moore was entitled to an award of attorney fees and costs. Because the trial court did not entertain Moore's motion, on remand the trial court is directed to hold an evidentiary hearing on this issue. Additionally, Moore's request for appellate attorney fees is granted and the trial court is directed to hear Moore's request and fix the amount.

¶ 13. The arbitrator's decision included consideration of all of the relief requested by the Proctors. The decision is binding, and we see no reason to overturn it, and it is affirmed. The trial court's order denying Moore's request for attorney fees and costs is reversed. Moore's brief is reasonably supportive of the allegations contained therein, and we have no obligation to search the record to affirm it.

¶ 14. AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

JOPLIN, J., and BUETTNER, P.J., concur.