2006 OK CIV APP 89

**STATE of Oklahoma, Plaintiff,**

v.

**Shannon O'Brian SKAGGS, Defendant/Appellant,**

and

**William C. Bisby, Appellee.**

**No. 100,788.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 30, 2006.

---

William B. Maxwell, Enid, OK, for Defendant/Appellant.

Opinion by BAY MITCHELL, Presiding Judge.

¶ 1 Defendant/Appellant Shannon O'Brian Skaggs appeals the trial court's order returning certain property to Appellee William C. Bisby. This appeal is submitted on Appellant's brief only. Finding the arguments set forth in Skaggs's brief reasonably support his allegations of error on appeal, we reverse the judgment of the trial court.

¶ 2 The facts are undisputed. Appellee William C. Bisby delivered possession of an All Terrain Vehicle (ATV) to Del City Cycle with the intent that Del City Cycle sell the ATV on his behalf. There was no written agreement between Bisby and Del City Cycle. Joseph Maddox purchased the ATV from Del City Cycle with a personal check written on a closed checking account. The bank dishonored Maddox's check. Maddox sold and conveyed for value all of his rights in the ATV to Aaron Jordan. Jordan then sold and conveyed for value all of his rights in the vehicle to Defendant/Appellant Skaggs. On November 18, 2003, Skaggs was in peaceable possession and full ownership of the ATV when the Enid Police Department seized the vehicle. The police did not have a search warrant and Skaggs did not consent to the search.

¶ 3 Declaring he is the rightful owner entitled to possession of the property, Bisby applied to the trial court seeking return of the ATV. Bisby attached to his application a statement from the law enforcement agency releasing the vehicle for return to its owner. The trial court issued an order of return in Bisby's favor. Skaggs filed a motion to vacate the order of return. After a hearing, the trial court issued a new order returning the ATV to Bisby in which it declared: (1) 12–A O.S.2001 § 2–403 does not apply; (2) the controlling case is *In Re 1973 John Deere 4030 Tractor*, 1991 OK 79, 816 P.2d 1126; (3) Skaggs acquired no ownership interest in the vehicle from his predecessor purchasers; and (4) rightful possession and ownership of the ATV remained with Bisby, its original owner. Skaggs appeals.

¶ 4 In light of the undisputed facts, the question of whether Skaggs acquired good title to the ATV is one of law, which we review *de novo*. In a *de novo* review, we have plenary, independent, and non-deferential authority to determine whether the trial court erred in applying the law to the facts. *See Gladstone v. Bartlesville Indep. Sch. Dist. No. 30*, 2003 OK 30, ¶ 5, 66 P.3d 442, 445.

¶ 5 Skaggs's appeal stands submitted on his brief alone. Therefore, "this Court is under no duty to search the record for a theory to sustain the trial court's judgment if Appellant's brief is reasonably supportive of the allegations of error." *Bob Moore Cadillac, Inc. v. Proctor*, 1999 OK CIV APP 12, ¶ 6, 975 P.2d 918, 920. If Appellant's brief does not reasonably support the allegations of error, however, we will

affirm the trial court's decision. *Id.*, citing *Cooper v. Cooper*, 1980 OK 128, 616 P.2d 1154.

¶ 6 Skaggs's sole proposition of error is that the trial court, in determining title to the ATV, erred in concluding there is no distinction between the ownership interest obtained by a thief and that acquired by a buyer whose check is dishonored. Skaggs argues the distinctions made in 12–A O.S. 2001 § 2–403 are applicable here, to wit:

(1) A purchaser of goods acquires all title which his transferor had or had power to transfer ... A person with voidable title has power to transfer a good title to a good faith purchase for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

\* \* \*

(b) the delivery was in exchange for a check which is later dishonored; or

\* \* \*

(d) the delivery was procured through fraud punishable as larcenous under the criminal law.

¶ 7 At the hearing on the issue, the trial court declared that Maddox committed theft when he used a bogus check to purchase the ATV. Because title to stolen property remains with the legal owner, the trial court reasoned, a *bona fide* purchaser from a thief obtains nothing. Accordingly, the trial court held Maddox could not pass title to Skaggs, and Bisby remained the proper owner entitled to possession.

¶ 8 In reaching this conclusion, the trial court purported to rely exclusively on *In Re 1973 John Deere 4030 Tractor*, 1991 OK 79, 816 P.2d 1126. Unlike the present case, *John Deere* involved a tractor that was stolen from the owner's property, not purchased from a dealership with a bogus check. The central question for determination in *John Deere* was when a cause of action for recovery of stolen property by the original owner accrues. The Supreme Court held the original owner's claim for recovery was not barred by the two-year limitations period set

forth in 12 O.S.1981 § 95 but arose when the owner first knew or, in the exercise of due diligence, should have known, the whereabouts of the stolen property.

¶ 9 The Supreme Court declared its decision in *John Deere* to be consistent with principles of personal property law incorporated into the Uniform Commercial Code. As explained in Footnote 5 of the *John Deere* opinion:

Title 12–A O.S.1981 § 2–403, captioned "Power to Transfer; Good Faith Purchase of Goods; 'Entrusting'" at § 2–403(1) states that "A purchaser of goods acquires all title which his transferor had or had power to transfer...." Section 2–403(1)(d) distinguishes between property obtained by theft and property obtained by false pretense, deceit, trick or fraud. Section 2–403(1)(d) provides that a person with voidable title has power to transfer good title to a good faith purchaser for value where the property was delivered under a transaction of purchase procured through fraud.... *The Comment proceeds to explain that a purchaser for value from a person guilty of larceny obtains good title under § 2–403 only when the offense at common law was "obtaining property by false pretense" in which the victim intended to pass title.* Under the circumstances in the case at bar, Section 2–403 operates to prevent transfer of title to stolen property to any of the purchasers in this case.

(Emphasis added). Regarding § 2–403(1)(b), the Comment explains the "dishonored check" provision "changes Oklahoma law in that the vendee has the power to convey good title to a bona fide purchaser for value even though ... a 'hot' check is given in payment of the goods."

■ ¶ 10 Unlike Bisby, the owner of the tractor at issue in *John Deere* did not intend to pass title thereto, and did not relinquish possession under false pretenses. Rather, someone stole the tractor from the owner's farm, which the owner immediately reported to police. It was precisely because *John Deere* did *not* involve property obtained by false pretense that the Supreme Court concluded those persons who subsequently pur-

chased the tractor from the thief did not obtain good title under § 2–403(1).

¶ 11 In contrast, *John Deere* makes clear that where, as here, the offense at common law constitutes "obtaining property by false pretense" in which the victim intended to pass title, one who purchases the item for value from the guilty party obtains good title under § 2–403(1). It is undisputed that Bisby intended to pass title of the ATV by making the vehicle available for purchase at Del City Cycle, and that Maddox received delivery to same in exchange for a check that was later dishonored. Consequently, we hold the trial court misread both *John Deere* and 12–A O.S.2001 § 2–403(1) in concluding Maddox did not have the power to transfer title in the ATV to Skaggs, a good-faith purchaser for value. We REVERSE the trial court's order returning the ATV to Bisby.

¶ 12 REVERSED.

ADAMS, J., and BUETTNER, C.J., concur.