2010 OK CIV APP 72

Lindsey K. SPRINGER,
Plaintiff/Appellant,

v.

RICHARDSON LAW FIRM, Richard D. Marrs, E. Diane Hinkle, and Kevin D. Adams, Defendants/Appellees.

No. 106,227.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 25, 2010.

Lindsey K. Springer, Tulsa, OK, Pro se.

WM. C. HETHERINGTON, JR., Judge.

¶ 1 Plaintiff Lindsey K. Springer (Appellant) appeals a trial court order in favor of Defendants Kevin Adams, Richard Marrs, Diane Hinkle, and The Richardson Law Firm (Law Firm) (collectively Appellees), which sustained their motions to dismiss Appellant's defamation petition and which denied his motion to grant default judgment against Hinkle and Marrs. We AFFIRM.

██ ¶ 2 As a preliminary matter, we note that Appellees did not file an entry of appearance or a response to any of Appellant's petitions in error, as required by Okla.Sup. Ct.R. 1.5 and 1.25.[1] Appellees did not file answer briefs, choosing instead to waive their right to do so pursuant to Okla.Sup.Ct.R. 1.105(a)(5). Consequently, this appeal will be submitted on Appellant's brief only. *Thomason v. Sears,* 1998 OK CIV APP 66, ¶ 6, 957 P.2d 144, 145; and *Taylor v. Payne,* 1994 OK CIV APP 40, ¶ 17, 872 P.2d 953, 956. Under such circumstances, this Court is under no duty to search the record for a theory to sustain the trial court's judgment if Appellant's brief is reasonably supportive of the allegations of error. *Bob Moore Cadillac,*

*Inc. v. Proctor,* 1999 OK CIV APP 12, ¶ 6, 975 P.2d 918, 920. If Appellant's brief does not support the allegations of error, the trial court's disposition will be affirmed. *Id.*

██ ¶ 3 "The standard of review for an order dismissing a case for failure to state a claim upon which relief can be granted is *de novo* and involves consideration of whether a plaintiff's petition is legally sufficient." *Fanning v. Brown,* 2004 OK 7, ¶ 4, 85 P.3d 841, 844. When reviewing a motion to dismiss, we must take as true all of the pleading's allegations together with all reasonable inferences which may be drawn from them. *Id.* "A pleading must not be dismissed for failure to state a legally cognizable claim unless the allegations indicate beyond any doubt that the litigant can prove no set of facts which would entitle him to relief." *Id.* The party moving for dismissal pursuant to 12 O.S.2001 § 2012(B)(6) has the burden to show the legal insufficiency of the petition. *Indiana National Bank v. State of Oklahoma, Dept. of Human Services,* 1994 OK 98, 880 P.2d 371.

██ ¶ 4 On April 22, 2008, Appellees filed a petition in Tulsa County District Court on behalf of their clients, Eddy and Judith Patterson, alleging, *inter alia,* legal malpractice, fraud, and deceit against several defendants, including Appellant. (Patterson Petition) Less than a month later, on May 2, 2008, Appellant filed a 145–page petition in the same district court against Appellees, attaching 10 exhibits to support fourteen "Counts," the last of which states Appellees "individually and collectively, made false, fraudulent, *libelous* and *slanderous* public statements, against [Appellant], by naming [him] in a Complaint and placing at least 13 purported statements of truth that they each knew were not true, presented them collectively as true, to cause harm to [Appellant] and his mission and ministry."[2] (Emphasis added.) Service was obtained on Appellees.

---

1. Appellees Marrs, Hinkle and the Law Firm did file a motion to dismiss Appellant's Second Amended Petition–In–Error for failure to comply with several Supreme Court rules, which the Supreme Court denied by Order filed May 12, 2009.

2. Exhibit 10 of Appellant's May 2, 2008 Petition establishes that each of Appellant's thirteen "Counts" are direct quotes from the April 22, 2008 Petition's "Facts Pertaining to All Claims" and each alleges Appellees "made false, fraudulent, libelous and slanderous public statements,

¶ 5 On June 24, 2008, Appellee Adams, on his own behalf, filed a motion to dismiss Appellant's May 2, 2008 Petition for failure to state a claim upon which relief can be granted pursuant to 12 O.S.2001 § 2012(B)(6), arguing an inspection of that petition reveals "the only alleged libelous statements" are those from the Patterson Petition, which publication is part of a judicial proceeding and therefore a privileged publication and exempt pursuant to 12 O.S.2001 § 1443.1 and *Samson Investment Co. v. Chevaillier,* 1999 OK 19, 988 P.2d 327. The next day, Appellees Marrs, Hinkle and Law Firm filed a brief in support of their joint § 2012(B)(6) motion to dismiss Appellant's petition, claiming it was based solely on statements from the Patterson Petition which were privileged communications because they were made in the course of judicial proceedings and adopting all arguments made by Adams.

¶ 6 On July 8, 2008, Appellant filed responses to both § 2012(B)(6) motions [3] and filed two separate motions seeking default judgment against Appellees Hinkle and Law Firm. By order filed September 24, 2008, the trial court granted Appellees' motions to dismiss, without specific mention of its reason for doing so, and denied Appellant's motion for default judgment. Appellant's appeal followed.

██ ¶ 7 "Libel is a false or malicious unprivileged publication by writing ..." 12 O.S. 2001 § 1441. "Slander is a false and unprivileged publication, other than libel ..." 12 O.S.2001 § 1442. A privileged publication or communication is one made "in any legislative or judicial proceeding ..." 12 O.S.2001 § 1443.1. "In order to recover for defamation, a private figure must prove (1) a false and defamatory statement, (2) an *unprivileged* publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." (Emphasis added against [Appellant], representing as fact on April 22, 2008 ..."

ed.) *Trice v. Burress,* 2006 OK CIV APP 79, ¶ 10, 137 P.3d 1253, 1257.

██ ¶ 8 The issue of whether a communication is privileged is a question of law to be determined by the court. *Samson Investment Co. v. Chevaillier,* 1999 OK 19, 988 P.2d 327. The "litigation privilege" upon which Appellees rely "accords attorneys, parties, jurors and witnesses immunity for comments or writings made *during* the course of or *preliminary* to judicial or quasi-judicial proceedings." (Emphasis added.) *Id.,* ¶ 5. It applies "regardless of whether [the communications] are true or false." *Id.,* ¶ 8 (quoting *Kirschstein v. Haynes,* 1990 OK 8, ¶ 18, 788 P.2d 941, 950).

¶ 9 The litigation privilege was applied to a petition drafted by the attorney in *Samson* preliminary to a judicial proceeding and to an affidavit prepared by the attorney in *Kirschstein* preliminary to a quasi-judicial proceeding, because each communication and the circumstances surrounding each communication had some relation to the proposed proceedings. The Court in *Pacific Employers Ins. Co. v. Adams,* 1946 OK 86, 168 P.2d 105, also applied the litigation privilege to an allegedly libelous statement contained in a pleading which had been filed by a party in a judicial proceeding before the Workers' Compensation Court, concluding the statement was pertinent to the question raised by the motion to discontinue compensation.

¶ 10 Based on our review of the May 2, 2008 Petition, it provides a stronger case for application of the litigation privilege to exempt Appellees from Appellant's defamation action. All of the statements under each of Appellant's 13 "Counts" are direct quotes from the April 22, 2008 Petition, which was published to initiate the judicial proceeding in Tulsa County District Court, and as in *Samson, Kirschstein,* and *Adams,* we conclude the statements and the circumstances surrounding the statements are clearly relevant and/or pertinent to that judicial proceeding.

**3.** The only exhibit attached to Appellant's response is the April 22, 2008 Petition which was attached to Appellant's petition as Exhibit No. 10.

¶ 11 Consequently, we need not address Appellant's interpretation-based and alternatively-plead constitutional argument he raised below. He presents no authority here for the proposition that 12 O.S.2001 §§ 1441, 1442, or 1443.1 are unconstitutional as to any constitutional provisions he cited below. Nor do we find Appellant's brief reasonably supportive for reversal of the trial court's denial of his motion for default judgment, considering Appellees Hinkle and Law Firm properly filed with Appellee Marrs a § 2012(B)(6) motion to dismiss Appellant's petition. The trial court's order denying Appellant's motion for default judgment and dismissing the May 2, 2008 Petition for failure to state a claim upon which relief may be granted is AFFIRMED. Appellees Hinkle ` and Marrs', Law Firm's and Adams' motions for sanctions in the form of appeal-related attorney fees are DENIED.

BUETTNER, P.J., concurs.

HANSEN, J., concurs in part, dissents in part.

¶ 12 I concur with the opinion and its reasoning and result. However, I would grant sanctions under 20 O.S. § 15.1.