OSCN Found Document:CHANTZ CANDLER, et al. v. JOHN JAMES

 

 
 CHANTZ CANDLER, et al. v. JOHN JAMES2026 OK CIV APP 7Case Number: 123333Decided: 02/11/2026Mandate Issued: 03/12/2026THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2026 OK CIV APP 7, __ P.3d __

 

CHANTZ CANDLER, CHASE CANDLER, JAMES BENJAMIN, MICHELLE KIMMEL, MIKE JONES, PATRICK SMITH, LINDA SMITH, JAMES WILLIAM WELLS, KEVIN BROWN and JIM CLEMENTS,
Plaintiffs/Appellees,
vs.
JOHN JAMES, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
PAYNE COUNTY, OKLAHOMA

HONORABLE MICHAEL KULLING, TRIAL JUDGE

AFFIRMED

Catherine L. Campbell, PHILLIPS MURRAH P.C., Oklahoma City, Oklahoma, For Plaintiffs/Appellees

Colin H. Tucker, RHODES, HIERONYMUS, JONES, TUCKER & GABLE, PLLC, Tulsa, Oklahoma, For Defendant/Appellant

STACIE L. HIXON, CHIEF JUDGE:

¶1 John James ("James") appeals the district court's July 9, 2025, Order denying his Motion to Dismiss under the Oklahoma Citizens Participation Act ("OCPA"). Chantz Candler, Chase Candler, James Benjamin Kimmel, Michelle Kimmel, Mike Jones, Patrick Smith, Linda Smith, James William Wells, Kevin Brown, and Jim Clements (collectively, "Lessees") brought suit for defamation, after James made assertions that Lessees had not been paying rent and insurance on their aircraft hangar space in a news article and on social media. In his Motion, James asserted that Lessees could not establish by clear and specific evidence a prima facie case of defamation. The district court found that Lessees met this burden and that facts were still in dispute requiring the case to proceed for a final resolution. Based on our review of the briefs and appellate record, we affirm the district court's Order.

BACKGROUND

¶2 After the City of Cushing ("City") terminated Lessees' licenses in order to better comply with Federal Aviation Administration ("FAA") regulations in 2021, Lessees and City entered into a mediated settlement agreement. Lessees contend that the settlement was to compensate them for money expended on improvements for their hangars that they would not be able to recoup after City terminated and then made adjustments to their licenses. In 2024, James, a pilot working at the Cushing Municipal Airport, submitted an Open Records Request to obtain copies of the settlement agreement and other related documents.

¶3 Sometime after the Open Records Request, an "anonymous participant," whom Lessees contend was James, posted the documents obtained by the Open Records Request on a social media platform, which included Lessees' individual names, while asserting that Lessees had not rendered consideration of any sort to City for the renting of airport hangar space. Further, the social media posts seemed to suggest that the settlement was not justified or a result of some sort of underhanded dealing that expended taxpayer dollars. Commenters replied to these posts with anger, believing that City and Lessees were misusing or mishandling government resources or funds. The "anonymous participant" interacted with an employee for a community newspaper, the Cushing Citizen, and agreed to be interviewed for an article that was being written. The same Cushing Citizen employee later authored and published an article in which James was quoted making similar assertions about Lessees.

¶4 Lessees subsequently filed suit, alleging defamation in the form of libel and slander. James filed a Motion to Dismiss under the OCPA, which asserted that Lessees had failed to establish by clear and specific evidence a prima facie case of defamation. The district court found that Lessees had met their burden and that facts were still in dispute that would require the case to proceed in order for there to be a final resolution. The district court denied the Motion to Dismiss.

¶5 James appeals.

STANDARD OF REVIEW

¶6 For cases such as the one at hand, this Court has applied a de novo standard of review. Thacker v. Walton, 2021 OK CIV APP 5Kluver v. Weatherford Hosp. Auth., 1993 OK 85859 P.2d 1081

ANALYSIS

¶7 As a preliminary matter, James asserts that Lessees, in filing suit, are attempting to chill or deter James' participation in a City meeting further debating this issue.

¶8 The purpose of the OCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." 12 O.S.2021, § 1430Thacker, 2021 OK CIV APP 5

¶9 Lessees assert that statements made by James in the article published by the Cushing Citizen were false and resulted in financial loss and damage to their reputations. Further, the record demonstrates the expression of public contempt by community members on a social media platform as a result of false assertions by an individual alleged to be James himself. We find that Lessees have met their burden to support their claim under the OCPA and, if believed, that James' assertion that Lessees' suit is purely frivolous and an attempt to chill James' participation in government proceedings is not supported by the record.

1. OCPA prima facie showing of defamation 

¶10 James asserts that the district court erred in denying his Motion to Dismiss under the OCPA because Lessees failed to establish by clear and specific evidence each element of their prima facie case of defamation, as required by the second stage inquiry of the OCPA. 

¶11 "The second stage inquiry of the OCPA examines the legitimacy of the plaintiff's claims by requiring a prima facie showing of each element of the claimed cause(s) of action" by "clear and specific" evidence. Southwest Orthopaedic Specialists, PLLC v. Allison, 2018 OK CIV APP 69439 P.3d 430See also 12 O.S.2021, § 1434Id. at ¶ 19. Furthermore, a petition that only meets the standard of notice pleading may not reach the standard of "clear and specific" for OCPA purposes. Krimbill v. Talarico, 2018 OK CIV APP 37417 P.3d 1240
"(1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher; and
(4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." Springer v. Richardson Law Firm, 2010 OK CIV APP 72239 P.3d 473

¶12 James first contends that Lessees have failed to show that his statements were "of and concerning" Lessees and that the statements were defamatory as a result.

¶13 A false statement must concern the plaintiff to be defamatory. Gonzalez v. Sessom, 2006 OK CIV APP 61137 P.3d 1245Id. (citing Restatement (Second) of Torts § 564 (1977)).

¶14 Here, it is undisputed that the documents regarding Lessees' settlement with City which were posted on a social media platform included Lessees' individual names. Also undisputed is that James made statements, which were subsequently included in a news article, regarding Lessees' alleged hangar renting practices after their individual names had been published to the community as members of a specific group. The record, when taken together, is sufficient in demonstrating to whom the statements were intended to refer and that those who saw the statements understood they were of and concerning Lessees. As such, Lessees have met their burden of proving by clear and specific evidence a prima facie case that the statements were defamatory.

¶15 James next asserts that Lessees have failed to establish the necessary element of publication because he did not publish or direct the content of the article published by the Cushing Citizen.

¶16 Publication of a libel is the communication of the defamatory matter to some third person or persons. Magnolia Petroleum Co. v. Davidson, 1944 OK 182148 P.2d 468

¶17 James cites Masson v. New Yorker Magazine, Inc., 501 U.S. 496 (1991), in support of his assertion that any liability for a misquotation requires a showing that he knowingly caused or approved an inaccurate publication, a standard resembling actual malice. However, the Masson Court came to no such conclusion and is distinguishable from the case at hand. In Masson, a public figure brought suit against the publishers and author of an article alleging that an injurious quote that was attributed to him had never actually been made in an interview. Unlike in Masson, Lessees only need to show negligence and not actual malice as they are not public figures. Additionally, it is undisputed that James published the defamatory statements in an interview "on the record" with a Cushing Citizen employee. The question of whether or not the message was conveyed accurately would be one of fact and, consequently, not grounds for dismissal. As a result, Lessees have provided evidence sufficient to prove a prima facie case for the publication of the defamatory message to some third person.

¶18 Furthermore, Lessees have provided sufficient evidence linking James to the defamatory comments on social media. Lessees have shown that James made an Open Records Request for copies of the settlement agreement and other related documents. These documents were then disclosed on social media by an "anonymous participant," which James asserts is not himself. However, Lessees have shown that an employee of the Cushing Citizen contacted that same "anonymous participant" and asked them to "go on record," presumably for an interview. Shortly after, that employee interviewed and quoted James, who made assertions similar to those in the social media posts, in an article that was later published by the Cushing Citizen. Taken together, Lessees have provided evidence sufficient to link James to the social media posts and to establish a prima facie showing of the necessary element of publication for both the social media posts and the news article.

¶19 James contends next that Lessees have failed to provide evidence of actual harm to their reputations and as a result, Lessees cannot establish the element of damages.

¶20 Actual injury is not limited to out-of-pocket loss. Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974). "Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." Id.

¶21 In the present case, Lessees have each provided individual affidavits alleging reputational harm and financial injury. Furthermore, Lessees have provided evidence of community members showing disdain for them in response to the social media statements. We find that Lessees have provided sufficient prima facie evidence to establish the element of damages.

¶22 James asserts next that Lessees are public or limited-public figures who have failed to establish actual malice and, as a result, their claim should be dismissed for that reason as well.

¶23 In cases involving defamatory falsehoods to a private individual, negligence is the standard of liability. Malson v. Palmer Broad. Grp., 1997 OK 42936 P.2d 940Id. at ¶ 12. However, defendants will not be liable for false statements regarding a public official or public figure unless it can be proven that the statements were made with actual malice. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The United States Supreme Court has held that an individual may be a limited public figure if they "voluntarily thrust" or "inject" themselves into the forefront of a public controversy. Wolston v. Reader's Digest Ass'n, Inc., 443 U.S. 157 (1979). The Court further clarified that the focus must be on the "nature and extent of an individual's participation in the particular controversy giving rise to the defamation." Id.

¶24 Here, the parties disagree as to whether Lessees are private figures, for which the standard would be negligence, or limited-public or public figures, for which the standard would be actual malice. The district court, in its denial of James' OCPA Motion to Dismiss, held that Lessees showed through clear and specific evidence their prima facie case for each claim, which included the standard of negligence for private figures. In examining the "nature and extent" of Lessees' participation in the controversy which gave rise to this action, Lessees only rented hangar space and engaged in private mediation with City to resolve a license dispute. Further, James has provided no evidence as to how Lessees are public or limited-public figures. As such, we find that Lessees have provided sufficient evidence showing that they are private figures and that the standard of negligence applies. Lessees have sufficiently alleged and presented evidence in support of the assertion that reasonable persons could find that James was aware of the true nature of the settlement as a result of the Open Records Request and that his statements about Lessees are false or misleading in spite of this knowledge. James denies these assertions. Whether James breached his duty of care owed to Lessees, however, is an issue for the jury.

¶25 For the above reasons, Lessees have established by clear and specific evidence each element of their prima facie case of defamation and satisfied the second stage inquiry of the OCPA.

2. Defenses under the OCPA

¶26 James next asserts that the district court erred in failing to find as a matter of law that he established by a preponderance of the evidence a valid defense to each essential element of Lessees' claim of defamation.

¶27 If the second stage burden of the OCPA is satisfied, the burden shifts back to the defendant to present a defense to the claims by a "preponderance of the evidence." 12 O.S.2021 § 1434See Krimbill v. Talarico, 2018 OK CIV APP 37
¶ 32, 417 P.3d 1240

¶28 James first argues that each of his statements was true, acting as a complete defense to Lessees' defamation claims.

¶29 An affirmative defense to defamation is established when the publication is substantially true. Akins v. Altus Newspapers, Inc., 1977 OK 179609 P.2d 1263Daugherty v. Farmers Co-op. Ass'n, 1984 OK 72689 P.2d 947

¶30 James asserts that each of the following statements is true:

1. "They (the city) haven't been paid a penny since then."

2. "They (tenants with the settlement agreements) haven't paid a penny since 2021. They haven't even paid the insurance that is on the city hangars that (the tenants) say are their hangars."

3. "The city has been paying insurance every year for over 20-years."

4. "(The city) was paying the five cents per square foot for the hangar and then they were paying an additional cost of insurance from my understanding."

5. "That's not going to go by the FAA because they say you have to charge a reasonable amount for the hangars. Well, not charging anything is not a reasonable amount."

6. "All (hangar tenants) have to do is start paying their rent and not subleasing."

¶31 In each of their individual affidavits, Lessees contend that a number of the statements are misleading in their truth or falsehood to various degrees. As such, we find a disputed question of fact as to the affirmative defense of truthfulness, which cannot be resolved on summary judgment.

¶32 James next asserts that the remaining statements were opinion and privileged as a result.

¶33 Statements of opinion cannot form the basis of a libel action if they cannot be verified as true or false. Miskovsky v. Oklahoma Pub. Co., 1982 OK 8654 P.2d 587 McCullough v. Cities Serv. Co., 1984 OK 1676 P.2d 833Id. at ¶ 10.

¶34 James asserts that the quote, "James says several individual hangar tenants have not paid enough money to the city including cost of rent and insurance for several years to justify the settlement agreements that were made between the city and those tenants during a mediation that took place in August of 2023" was a statement of opinion. James' assertion seems to suggest the availability of undisclosed and verifiable defamatory facts regarding the relationship between City and the hangar tenants that would reveal information as to why the settlement was not justified or the result of some sort of inappropriate dealings. With the added context of the article in which James was quoted, James' statements give an impression that Lessees are receiving a deal for no consideration, while City expends tax dollars to maintain Lessees' current hangar space sought after by the community. Evidence provided by Lessees demonstrates the inference drawn by members of the community that Lessees have not paid fees owed to City which resulted in the expenditure of taxpayer dollars. Additionally, James argues that since all statements are qualified by, ". . . from my understanding," they are also opinion and not an assertion of fact. James cites no authority showing that his statements should be provided with more protection for this reason. For the above reasons, we find that James' statement is not protected as a statement of opinion and that James has failed to establish a defense by a preponderance of the evidence.

CONCLUSION

¶35 For the foregoing reasons, we affirm the district court's Order of July 9, 2025, denying James' Motion to Dismiss under the Oklahoma Citizens Participation Act.

¶36 AFFIRMED.

WISEMAN, P.J., and FISCHER, J., concur.

FOOTNOTES